## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Joseph F. Holland;** | |
| **Michael J. Jezycki;** | |
| **Stephen F. Jezycki, Jr.;** | |
| **John E. Badagliacca;** | |
| **Eileen A. Mosca;** | |
| **Victor J. Colaio, Individually and as the Personal Representative of the Estate of Mary Catherine Colaio;** | |
| **Kevin Connolly;** | |
| **Walter H. Cramer;** | |
| **Margaret A. Micciulli;** | **Case No. _____** |
| **Barbara Geidel, as the Personal Representative of the Estate of Paul E. Geidel;** | |
| **Keith B. Pettus;** | **COMPLAINT** |
| **Peter Petrocelli, as the Personal Representative of the Estate of Albert P. Petrocelli, Sr.;** | |
| **Thomas D. Petti;** | |
| **Keith G. Rall;** | |
| **Michael Straine;** | |
| **Jeanette Vigiano, as the Personal Representative of the Estate of John T. Vigiano;** | |
| **Arnold J. Roma, Jr.;** | |
| **Maureen E. Roma;** | |
| **Alexander W. Santora;** | |
| **Nelly A. Braginsky;** | |
| **Mark C. Egan;** | |
| **Michael P. Egan;** | |
| **Joseph Esposito, as the Personal Representative of the Estate of Salvatore T. Esposito;** | |
| **Madelyn G. Allen, as the Personal Representative of the Estate of Richard D. Allen;** | |
| **Jean M. Ryan;** | |

**Henry F. Kiefer, Jr.;**

**Daniel J. Henry;**

**Edward Henry, Jr.;**

**Michael Henry;**

**John F. Woods, Jr.;**

**Gordon Huie;**

**Joseph L. Pansini;**

**John Stark;**

**Marash Dedvukaj;**

**Daniel H. Curia;**

**Joseph M. Cammarata, Sr., as the Personal Representative of the Estate of Michael F. Cammarata;**

**Helaine K. Chairnoff, as the Personal Representative of the Estate of Jeffrey M. Chairnoff;**

**Christine R. Huhn, as the Personal Representative of the Estate of David M. Graifman;**

**Raina A. Wallens, as the Personal Representative of the Estate of Matthew B. Wallens;**

**Mitchell T. Duggan, as the Personal Representative of the Estate of Jacqueline S. Duggan;**

**Denise Eileen McDonald, as the Personal Representative of the Estate of Joseph P. McDonald;**

**Judith A. Bailey, as the Personal Representative of the Estate of Brett T. Bailey;**

**Catherine M. Buck, as the Personal Representative of the Estate of Gregory J. Buck;**

**May Marconet, as the Personal Representative of the Estate of Waleed J. Iskandar;**

**Christine M. Munson, as the Personal Representative of the Estate of Theresa A. Munson;**

**Leslie R. Blair, as the Personal Representative of the Estate of Susan L. Blair;**

**Jessica R. Bors;**

**Christopher B. Bratton;**

**William Joseph Bratton, Jr.;**

**Mary E. Bratton;**

**Michelle Bulaga, as the Personal Representative of the Estate of John E. Bulaga, Jr.;**

**Michelle Bulaga;**

**Brian K. Chalcoff;**

**Michelle R. Chalcoff;**

**Richard Wai Chung, as the Personal Representative of the Estate of Wai C. Chung;**

**Diann L. Corcoran Dubois;**

**Joseph V. DiFazio;**

**William H. Doyle, Jr., as the Personal Representative of the Estate of Joseph M. Doyle;**

**Ann P. Driscoll, as the Personal Representative of the Estate of Stephen P. Driscoll;**

**Helenora Farrell, as the Personal Representative of the Estate of Terrence P. Farrell;**

**Eugene R. Springer, as the Personal Representative of the Estate of Lucy A. Fishman;**

**Laurie Sue Hart, as the Personal Representative of the Estate of John P. Hart;**

**Bernard J. Heeran, as the Personal Representative of the Estate of Charles F.X. Heeran;**

**Theresa L. Hepburn, as the Personal Representative of the Estate of Robert A. Hepburn;**

**Rita Hopper, as the Personal Representative of the Estate of James P. Hopper;**

**Michael P. Jenkins;**

**Matthew A. Kirschbaum;**

**Dolores M. Libretti, as the Personal Representative of the Estate of Daniel F. Libretti;**

**William McGinly, as the Personal Representative of the Estate of Mark R. McGinly;**

**Eli Medina, as the Personal Representative of the Estate of Abigail C. Medina;**

**Daniel A. Meehan;**

**Maureen E. Meehan;**

**Mitoko Miller, as the Personal Representative of the Estate of Robert C. Miller, Jr.;**

**Nykiah Morgan, as the Personal Representative of the Estate of Dorothy R. Morgan;**

**Julianne N. Hilbert, as the Personal Representative of the Estate of Francis J. Nazario;**

**Theresa M. Noel and Michael T. Noel, as the Co-Personal Representatives of the Estate of Curtis T. Noel;**

**Niraj Patel, as the Personal Representative of the Estate of Dipti Patel;**

**Barbara Polisar;**

**Jeannette M. Puccio-Pick;**

**Marie E. Puccio-Pick;**

**Concetta Rizzo, as the Personal Representative of the Estate of John F. Rizzo;**

**Janine L. Van Riper, as the Personal Representative of the Estate of Barbara A. Shaw;**

**Katherine Stern, as the Personal Representative of the Estate of Andrew J. Stern;**

**Evelyn Sullins, as the Personal Representative of the Estate of David M. Sullins;**

**Laurie Tietjen, as the Personal Representative of the Estate of Kenneth F. Tietjen;**

**Morton Weinberg, as the Personal Representative of the Estate of Michael T. Weinberg;**

**Elizabeth A. Payne, as the Personal Representative of the Estate of William E. Wilson;**

**Sara W. Coffey, as the Personal Representative of the Estate of David H Winton;**

**Felice Zaslow, as the Personal Representative of the Estate of Ira Zaslow; and**

**Lisa A. Ventura**,

***Plaintiffs***,

    **v.**

**Merrick Garland, as Attorney General of the United States**
**950 Pennsylvania Ave., NW**

**Washington, DC 20530;**

**The United States Department of Justice**
**950 Pennsylvania Ave., NW**
**Washington, DC 20530;**

**Janet L. Yellen, as Secretary of the Treasury**
**1500 Pennsylvania Avenue, NW**
**Washington, D.C. 20220;**

**The United States Department of the Treasury**
**1500 Pennsylvania Avenue, NW**
**Washington, D.C. 20220;**

**The Office of Management and Budget**
**725 17th Street, NW**
**Washington, DC 20503; and**

**Mary Patrice Brown, as Special Master of the U.S.**
**Victims of State Sponsored Terrorism Fund**
**950 Pennsylvania Ave., NW**
**Washington, DC 20530,**

*Defendants*.

1.      Plaintiffs in this action are the estates of decedents killed in the terrorist attacks on September 11, 2001, surviving family members of decedents killed in the terrorist attacks on September 11, 2001, and the estates of surviving family members of decedents killed in the terrorist attacks on September 11, 2001 who have passed away in the time period between September 11, 2001 and the present.

2.      These Plaintiffs were part of a consolidated lawsuit filed against *inter alia* the Islamic Republic of Iran ("Iran") on December 18, 2015 as part of the Multi-District Litigation pending before Judge George B. Daniels in the U.S. District Court for the Southern District of New York and captioned as *Burnett, et al. v. Islamic Republic of Iran, et al.*, Case No. 15-cv-9903 (GBD)(SN), which is a member case of *In re Terrorist Attacks on Sept. 11, 2001*, Case No. 03 MDL 1570 (GBD)(SN).

3.      These Plaintiffs obtained default judgments against Iran for its role in providing material support and resources to Al Qaeda in perpetrating the terrorist attacks on September 11, 2001, and they sought to enforce, in part, their judgments for compensatory damages from the United States Victims of State Sponsored Terrorism Fund, which wrongfully withheld from Plaintiffs enforcement of their judgments.

4.      Plaintiffs, by and through their undersigned counsel, hereby allege the following against Defendants:

## I.      **INTRODUCTION**

5.      The Justice for United States Victims of State Sponsored Terrorism Act ("USVSST Act") was signed into law on December 18, 2015. *See* Pub. L. 114–113, § 404, 129 Stat. 3007 (2015) (codified at 34 U.S.C. § 20144).

6.     The USVSST Act established the United States Victims of State Sponsored Terrorism Fund ("USVSST Fund" or "the Fund") to compensate American victims of international terrorism who were harmed by U.S.-designated state sponsors of terrorism.

7.     With the exception of Americans who were held hostage at the U.S. Embassy in Tehran, Iran between 1979 and 1981 and their qualifying family members (who have been precluded from obtaining final judgments against Iran in federal courts), claimants submit applications for eligibility to receive compensation to the USVSST Fund based on a final judgment entered on their behalf against a designated state sponsor of terrorism in accordance with the deadlines provided in the USVSST Act. 34 U.S.C. § 20144(c).

8.     To the extent that a claimant held a final judgment against a designated state sponsor of terrorism and submitted their completed application and required documentation within the time periods prescribed by statute, these claimants would be found eligible by the USVSST Fund.

9.     Certain provisions of the USVSST Act precluded eligible claimants from receiving payment from the USVSST Fund. When the legislation was enacted, eligible claimants who had previously received an award, an award determination, or who had a pending or registered claim pursuant to Section 405 of the Air Transportation Safety and System Stabilization Act, Pub. L. 107-42, 115 Stat. 230 (Sept. 22, 2001) ("ATSSSA"), would be precluded from receiving additional compensation from the USVSST Fund.  34 U.S.C. § 20144(d)(3)(ii)(III) (2015).

10.     Title IV of the ATSSSA established the September 11th Victim Compensation Fund of 2001 ("VCF") which was "to provide compensation to any individual (or relatives of a deceased individual) who was physically injured or killed as a result of the terrorist-related aircraft crashes

of September 11, 2001."[1] The estates of individuals killed in the attacks along with individuals who obtained medical attention within 72 hours of the attacks showing a causal link between their injuries and terrorist attacks were eligible to file claims.

11.     Section 405 of the ATSSSA established the claims process for seeking compensation from the VCF.  The original iteration of the VCF—also called "VCF1"—was closed in 2004.

12.     On January 2, 2011, the James Zadroga 9/11 Health and Compensation Act of 2010 was signed into law.  *See* Pub. L. 111-347, 124 Stat. 3623 (Jan. 2, 2011).  This new law reinstituted the VCF—now sometimes called either "VCF2" or the "Zadroga Fund"—by reopening the September 11th Victim Compensation Fund of 2001 and extending eligibility to those who were injured in cleanup efforts following the terrorist attacks on September 11, 2001 or who had been exposed to toxins in the air following the collapse of the Twin Towers in lower Manhattan who sustained latent injuries ranging from GERD to various types of cancers.

13.     From the inception of the USVSST Fund until November 21, 2019, the USVSST Fund determined that anyone who received an award, an award determination, had a pending claim with VCF2 or had an active registration (but no active claim) with VCF2 were precluded from receiving compensation from the USVSST Fund notwithstanding the basis for the underlying VCF1 or VCF2 claim and notwithstanding whether the USVSST Fund found their claim otherwise eligible.

14.     On November 21, 2019, the United States Victims of State Sponsored Terrorism Fund Clarification Act (the "Clarification Act") was signed into law and provided several changes to the USVSST Act.

---

[1] ATSSSA, § 403.

15.     The Clarification Act removed the bar of payment to VCF1 or VCF2 participants, established the process for the third round of payments from the USVSST Fund, and defined 9/11 victims as "a United States person who has an eligible claim under subsection (c) who is an individual described in section 405(c)(2) of the Air Transportation Safety and System Stabilization Act (49 U.S.C. 40101 note)." *See* Clarification Act, Pub. Law 116-69, Title VII (Nov. 21, 2019).

16.     The Consolidated Appropriations Act, 2021 was signed into law on December 27, 2020, and required, among other things, that the Government Accountability Office ("GAO") conduct an audit of the USVSST Fund and publish in the Federal Register "notice of proposed lump sum catch-up payments to 9/11 victims, 9/11 spouses, and 9/11 dependents who have submitted applications in accordance with subparagraph (B) in amounts that, after receiving the lump sum catch-up payments, would result in the percentage of the claims of 9/11 victims, 9/11 spouses, and 9/11 dependents received from the Fund being equal to the percentage of the claims of 9/11 family members received from the Fund, as of December 27, 2020." *See* Pub. L. No. 116-260, 134 Stat. 3293 (Dec. 27, 2020) at § 1705(b) (amending 34 U.S.C. § 20144(d)(4) and adding subsection (C)).

17.     On December 29, 2022, the Consolidated Appropriations Act of 2023 was signed into law. *See* Pub. L. No. 117-328, 136 Stat. 4459 (Dec. 29, 2022). Division MM § 101 is referred to as the "Fairness for 9/11 Families Act" and provides that "[t]]he Special Master ***shall*** authorize lump sum catch-up payments in amounts equal to the amounts described in subclauses (I), (II), and (III) of clause (iii)" in 34 U.S.C. § 20144(d)(4)(C)(iii) for 9/11 victims, 9/11 spouses, and 9/11 dependents. *See* Division MM § 101(b)(3)(B)(ii).

18.     As detailed below, Defendants' interpretation of the foregoing acts is unreasonable and contrary to law.

19. Further, Defendants have taken unlawful action that thwarts the purpose of the USVSST Act, as amended. Plaintiffs are materially and adversely affected by Defendants' conduct.

20. For the following reasons, Plaintiffs seek to compel agency action unlawfully withheld and set aside agency actions, findings, and/or conclusions that are arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance with law, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, and to obtain declaratory judgments, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, setting forth their rights because of Defendants' violations of the UVSST Act, as amended.

## II.   <u>JURISDICTION AND VENUE</u>

21. This Court has subject-matter jurisdiction over Plaintiffs' causes of action pursuant to 28 U.S.C. § 1331 because these causes of action arise under federal law, 5 U.S.C. § 702 (APA). These causes of action also involve questions of federal law arising under 34 U.S.C. § 20144 (the USVSST Act, as amended).

22. This Court also has jurisdiction pursuant to 28 U.S.C. § 1361 because this is an action seeking to compel federal officers to perform a duty owed to the Plaintiffs.

23. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (e)(1) because the judicial district of the District of Columbia is where a substantial part of the events or omissions giving rise to the claims occurred.

## III.   <u>THE PARTIES</u>

### A.   **PLAINTIFFS**

24. This complaint is filed on behalf of the eligible USVSST claimants who were denied award payments from the USVSST Fund due to Defendants' erroneous interpretation and

application of the USVSST Act by the USVSST Fund, including, but not limited to, its Special Master, the federal agencies overseeing the Fund (including the U.S. Department of Justice and the U.S. Department of the Treasury), the heads of these federal agencies, and others. Plaintiffs are categorized as (1) "Net-Zero Plaintiffs"; (2) "Supplemental-Value Plaintiffs"; (3) "Nunc Pro Tunc Plaintiffs"; and (4) "Dual-Judgment Plaintiffs".

**1.** **"Net-Zero Plaintiffs"**

25. The Net Zero Plaintiffs are USVSST claimants with claims found eligible on or before May 19, 2020 who: (1) are surviving family members of individuals who were killed in the terrorist attacks on September 11, 2001; (2) obtained a final judgment in federal court against the Islamic Republic of Iran for solatium damages; (3) are themselves 9/11 victims separate and distinct from having lost their loved one(s) on September 11, 2001; (4) previously received an award or award determination (or had a pending claim or registration with the VCF2) under Section 405 of the Air Transportation Safety and System Stabilization Act prior to the enactment of the Clarification Act; (5) applied for eligibility to the USVSST Fund prior to the promulgation of the Clarification Act pursuant to a judgment for solatium damages for the loss of a loved one in the terrorist attacks on September 11, 2001;[2] (6) were determined by the USVSST Fund to have an eligible claim; (7) received a "net zero" award from the USVSST Fund despite their eligible claim because the award determination from Section 405 of the Air Transportation Safety and System Stabilization Act was "considered controlling" prior to November 21, 2019;[3] (8) were

_____

[2] In the alternative, certain of the plaintiffs may have foregone seeking eligibility from the USVSST Fund prior to the promulgation of the Clarification Act because they knew the Fund would find them to be "net-zero" claimants based on their participation in VCF1 or VCF2 for their own injuries.

[3] In the alternative, certain of the plaintiffs' claims that otherwise would have been found eligible were held in abeyance by the USVSST Fund because they had pending "registrations" with

permitted to receive payment from the USVSST Fund based on their eligible claim after the enactment of the Clarification Act of November 21, 2019; (9) were erroneously categorized as 9/11 family members under the USVSST Act following the enactment of the Clarification Act; and (10) were denied lump sum catch-up payments from the USVSST Fund because they were classified as 9/11 family members and not as 9/11 victims by the USVSST Fund.

26.     Several Plaintiffs in this group did not apply to the USVSST Fund before the Clarification Act was promulgated based on the knowledge that VCF1 and VCF2 participants were precluded from additional compensation from the USVSST Fund based on prior VCF participation. Nevertheless, these individuals are still considered Net-Zero Plaintiffs because their ability to collect payment from the Fund did not begin until the bar of Section 405 of the Air Transportation Safety and System Stabilization Act was removed from the USVSST Act by virtue of enactment of the Clarification Act in November 2019.

27.     Collectively, the following USVSST claimants are included in the Net-Zero Plaintiff group:

28.     **Plaintiff Michael J. Jezycki** (Claim No. 101806) is a United States citizen and resident of the State of New York. He is the surviving sibling of Margaret Alario, who was killed on September 11, 2001. Michael Jezycki was a firefighter with the New York City Fire Department on September 11, 2001, and responded to the World Trade Center complex. He sustained injuries as a result of the terrorist attack. Michael Jezycki is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of his sister Margaret Alario.  Michael Jezycki participated in the VCF for

---

VCF2—and not awards or award determinations—and were required to make a choice between pursuing claims with VCF2 or with the USVSST Fund.

his personal injuries as a 9/11 victim, so on October 30, 2017, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. He first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

29.     **Plaintiff Stephen F. Jezycki Jr.**, (Claim No. 101807) is a United States citizen and resident of the State of New York. He is the surviving sibling of Margaret Alario, who was killed on September 11, 2001. Stephen Jezycki was a Lieutenant with the New York City Fire Department. He went to the World Trade Center to search for his sister and assisted with rescue efforts following the terrorist attacks on September 11, 2001. Stephen Jezycki sustained injuries as a result of the terrorist attack. Stephen Jezycki is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of his sister Margaret Alario. He also participated in the VCF for his personal injuries as a 9/11 victim, so on October 30, 2017, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. He first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

30.     **Plaintiff John E. Badagliacca** (Claim No. 101822) is a United States citizen and resident of the State of New Jersey. He is the surviving parent of John J. Badagliacca, who was killed in on September 11, 2001. John E. Badagliacca was employed at the Fresh Kills Land Fill

on September 11, 2001. Following the attack, he was in direct contact with debris and remains from Ground Zero through his employment. John E. Badagliacca also spent several days at Ground Zero searching for his son. He sustained injuries as a result of the terrorist attacks on September 11, 2001. John E. Badagliacca is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of his son John J. Badagliacca.  When his claim was filed with the USVSST Fund, he had registered with the VCF; however, he had not actually filed a claim or sought compensation from the VCF for his injuries.  On November 6, 2017, the USVSST Fund issued a "notice of deficiency" on Mr. Badagliacca's claim stating that "Applicant must submit further information regarding status and pursuit of VCF2 claim." Given the tension between asserting a claim with the VCF2 for his personal-injury claim and pursuing compensation from the USVSST Fund for the loss of his son, Mr. Badagliacca chose to pursue his VCF2 claim resulting in a November 16, 2018 notification from the USVSST Fund that his "claim remains deficient and will not be adjudicated until it is completed" due to his refusal to withdraw his VCF2 claim. He first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund

31.     **Plaintiff Eileen A. Mosca** (Claim No. 101870) is a United States citizen and resident of the State of New York. She is the surviving sibling of Kathleen A. H. Casey, who was killed on September 11, 2001. Eileen Mosca was employed with the New York Police Department and was a first responder at the World Trade Center on September 11, 2001. She spent months after the collapse at Ground Zero searching for friends and her sister Kathleen Casey, who worked in the South Tower of the World Trade Center. Eileen Mosca sustained injuries as a result of the terrorist attacks on September 11, 2001. She is a plaintiff in *Burnett, et al. v. The Islamic Republic*

*of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of her sister Kathleen Casey.  Eileen Mosca also participated in the VCF for her personal injuries as a 9/11 victim, so on October 30, 2017, her claim to the USVSST Fund was found eligible; however, the USVSST Fund stated she would "not be able to receive additional compensation from the USVSST Fund" because she previously "received an award or an award determination under section 405" of the ATSSSA. She first received compensation from the USVSST Fund in 2020; however, she was denied a lump sum catch-up payment in 2023 because she was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

32.     **Plaintiff Victor J. Colaio** (Claim No. 101876) is a United States citizen and resident of the State of New York. He is the surviving parent of Mark J. Colaio and Stephen J. Colaio, both of whom were killed on September 11, 2001. Victor Colaio is also the surviving spouse of Mary Colaio, who died in 2015 from cancer attributed to exposure to toxins in the vicinity of Ground Zero. Victor lived near Ground Zero and sustained injuries as a result of the terrorist attacks on September 11, 2001. Victor Colaio is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of his sons Mark and Stephen Colaio. He also participated in the VCF2 for his personal injuries as a 9/11 victim, so on October 30, 2017, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. He first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

33.    **Plaintiff Kevin Connolly** (Claim No. 101891) is a United States citizen and resident of the State of New York. He is the surviving sibling of John E. Connolly, Jr., who was killed on September 11, 2001. Kevin Connolly was a firefighter with the New York Fire Department and worked at Ground Zero on September 11, 2001 and for many weeks thereafter. He suffered injuries as a result of the terrorist attacks on September 11, 2001. Kevin Connolly is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of his brother John E. Connolly, Jr.. He also participated in the VCF for his personal injuries as a 9/11 victim, so on December 28, 2017, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. He first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

34.    **Plaintiff Walter H. Cramer** (Claim No. 101901) is a United States citizen and resident of the State of New Jersey. He is the surviving sibling of Christopher S. Cramer, who was killed on September 11, 2001. Walter Cramer worked as the Assistant Vice President of Tax Services at Fiduciary Trust Company at the World Trade Center since November 1987. He was at Ground Zero when the terrorist attacks occurred and sustained injuries as a result of the attack. Walter Cramer also began to look for his brother, Christopher S. Cramer and his sister-in-law after the attack. He is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of his brother

11

Christopher S. Cramer.[4] Walter Cramer also participated in the VCF for his personal injuries as a 9/11 victim. On October 30, 2017, his claim to the USVSST Fund was found eligible, and the USVSST Fund subsequently determined (based on Mr. Cramer's bringing it to the Fund's attention) that Mr. Cramer did, in fact, receive a VCF award.  But this did not happen until after a distribution of funds was made to Mr. Cramer in January 2019. In a cruel twist, on March 15, 2019, the USVSST Fund required Mr. Cramer to remit the payment he received and issued a new eligibility letter on April 10, 2019 stating he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. He first received compensation from the USVSST Fund on the claims related to the loss of his brother in 2020; however, he was denied a lump sum catch-up payment on that claim in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

35.     **Plaintiff Margaret A. Micciulli** (Claim No. 101978) is a United States citizen and resident of the State of North Carolina. Margaret Micciulli is the surviving parent of Deanna Micciulli Galante, who died on September 11, 2001. Margaret Micciulli spent days searching for her daughter at the impact site. She sustained injuries as a result of the attack. Margaret Micciulli is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of her daughter Deanna Micciulli Galante. She also participated in the VCF for her personal injuries as a 9/11 victim, so on December 28, 2017, her claim to the USVSST Fund was found eligible; however, the USVSST Fund stated she would "not be able to receive additional compensation from the USVSST Fund"

---

[4] In 2020, Mr. Cramer also obtained a judgment against Iran arising from his own personal injuries sustained in the terrorist attacks on September 11, 2001.  He received compensation on this claim in 2020, and he also received a lump sum catch-up payment on his personal-injury claim in 2023.

because she previously "received an award or an award determination under section 405" of the ATSSSA. She first received compensation from the USVSST Fund in 2020; however, she was denied a lump sum catch-up payment in 2023 because she was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

36.     **Plaintiff Barbara Geidel, as the Personal Representative of the Estate of Paul E. Geidel** (Claim No. 101993), brings this claim on behalf of the Estate of Paul E. Geidel. Paul Geidel was a United States citizen and resident of the State of Nevada at the time of death. He was an officer with the Fire Department of New York. Paul Geidel's three sons, Gary, Michael, and Ralph Geidel also served as FDNY firefighters. Gary P. Geidel, was killed on September 11, 2001. Paul and his two surviving sons worked at Ground Zero for months to search for Gary. Ralph Geidel sustained injuries due to his work at Ground Zero and died on October 21, 2014. Paul Geidel also sustained injuries as a result of the attack and died on October 31, 2017. He was a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of his son Gary P. Geidel. Paul Geidel also participated in the VCF for his personal injuries as a 9/11 victim, so on November 6, 2017, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. His estate first received compensation from the USVSST Fund in 2020; however, his estate was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

37.     **Plaintiff Joseph F. Holland** (Claim No. 102055) is a United States citizen and resident of the State of Florida. He is the father of Joseph Holland, Jr., who was at a work meeting

in the North Tower of the World Trade Center on September 11, 2001, and was killed in the terrorist attack. Joseph F. Holland was a retired New York firefighter and searched for his son at Ground Zero. He was injured as a result of the attack. Joseph F. Holland is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of his son Joseph Holland, Jr. He also participated in the VCF for his personal injuries as a 9/11 victim, so on October 30, 2017, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. He first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

38.     **Plaintiff Keith B. Pettus** (Claim No. 102101) is a United States citizen and resident of the State of New York. He is the surviving sibling of Laura M. Longing, who was killed on September 11, 2001. Keith Pettus was a member of the New York Fire Department and worked at Ground Zero in the aftermath of the terrorist attacks. He sustained injuries as a result of the attack. Keith Pettus is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of his sister Laura M. Longing. He also participated in the VCF for his personal injuries as a 9/11 victim, so on October 30, 2017, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. He first received compensation from the USVSST Fund in 2020; however, he was denied a lump

sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

39.     **Plaintiff Albert P. Petrocelli, Jr., as the Personal Representative of the Estate of Albert P. Petrocelli Sr.** (Claim No. 102201), brings this claim on behalf of the Estate of Albert P. Petrocelli, Sr. Albert Petrocelli, Sr. was a United States citizen and resident of the State of New York at the time of death. He is the father of Mark J. Petrocelli, who was killed on September 11, 2001. Albert Petrocelli, Sr. worked as a first responder at the World Trade Center in the rescue and recovery operations and sustained injuries as a result of the terrorist attack. Albert Petrocelli died on April 1, 2020. He was a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of his son Mark J. Petrocelli.  Albert Petrocelli, Sr. also participated in the VCF for his personal injuries as a 9/11 victim, so on October 30, 2017, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. His estate first received compensation from the USVSST Fund in 2020; however, his estate was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

40.     **Plaintiff Thomas D. Petti** (Claim No. 102205) is a United States citizen and resident of the State of New York. He is the brother of Philip S. Petti, who was a New York City firefighter killed on September 11, 2001. Thomas Petti also worked as a New York City firefighter on September 11, 2001 and sustained injuries as a result of the attack. He is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of his brother Philip S. Petti. Thomas Petti also

participated in the VCF for his personal injuries as a 9/11 victim, so on December 28, 2017, his

claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not

be able to receive additional compensation from the USVSST Fund" because he previously

"received an award or an award determination under section 405" of the ATSSSA. His estate first

received compensation from the USVSST Fund in 2020; however, his estate was denied a lump

sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a

9/11 victim by the USVSST Fund.

41.     **Plaintiff Keith G. Rall** (Claim No. 102234) is a United States citizen and resident

of the State of Nevada. He is the brother of Edward J. Rall, who was killed on September 11, 2001.

Keith Rall worked for the New York Police Department and was on duty on September 11, 2001.

Keith Rall spent months at Ground Zero searching for his brother and sustained injuries as a result

of the attack. He is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-

GBD and obtained a money judgment for solatium damages against Iran for the loss of his brother

Edward J. Rall. When his claim was filed with the USVSST Fund, he had registered with the VCF;

however, he had not actually filed a claim or sought compensation from the VCF for his injuries.

On November 6, 2017, the USVSST Fund issued a "notice of deficiency" on Mr. Rall's claim

stating that "Applicant must submit further information regarding status and pursuit of VCF2

claim." On December 15, 2017, Mr. Rall requested to withdraw his VCF2 claim, but within a few

months, he was diagnosed with cancer causing him to re-think this determination as his cancer

would be compensable by the VCF2.  While his USVSST Fund was found eligible and

compensable on March 15, 2018, Mr. Rall subsequently filed a claim with VCF2, and Mr. Rall's

counsel discussed his USVSST Fund claim with an attorney with the Department of Justice who

indicated that he would need to withdraw his claim from the USVSST Fund with prejudice to

permit him to proceed with his VCF2 claim.  Mr. Rall did so on March 7, 2019.  Following enactment of the Clarification Act, Mr. Rall's USVSST Fund claim was reinstated.  He first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

42.     **Plaintiff Michael Straine** (Claim No. 102301) is a United States citizen and resident of the State of New Jersey. He is the brother of James J. Straine, Jr., who worked in the North Tower of the World Trade Center and was killed on September 11, 2001. Michael Straine spent weeks at Ground Zero after September 11, 2001, assisting with recovery efforts in search of his brother and sustained injuries as a result of the attack. He is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his brother James J. Straine, Jr. Michael Straine also participated in the VCF for his personal injuries as a 9/11 victim, so on October 30, 2017, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. Michael Straine first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

43.     **Plaintiff Jeanette Vigiano, as the Personal Representative of the Estate of John T. Vigiano** (Claim No. 102322), brings this claim on behalf of the Estate of John T. Vigiano.. John T. Vigiano was a United States citizen and resident of the State of New York at the time of death. John T. Vigiano was a New York City firefighter for thirty-six years and retired in 1998. He is the

father of New York City firefighter, John Vigiano and New York City Police Officer, Joe Vigiano. Both sons were killed on September 11, 2001. John T. Vigiano spent months searching for his sons' remains following the attack. He sustained injuries as a result of terrorist attack. John T. Vigiano died on July 7, 2018. He was also a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his sons, John Vigiano and Joe Vigiano. When his claim was filed with the USVSST Fund, Mr. Vigiano had a claim pending with the VCF2 for cancer related to his exposure in the vicinity of Ground Zero. On November 8, 2017, the USVSST Fund issued a "notice of deficiency" on Mr. Vigiano's claim stating that "Applicant must submit further information regarding status and pursuit of VCF2 claim." On January 30, 2018, Mr. Vigiano's counsel informed the USVSST Fund that Mr. Vigiano would proceed with his VCF2 claim, and on October 29, 2018, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. The Estate of John T. Vigiano first received compensation from the USVSST Fund in 2020; however, his estate was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

44.     **Plaintiff Arnold J. Roma, Jr.** (Claim No. 102876) is a United States citizen and resident of the State of Pennsylvania. He is the surviving parent of Keith Roma, who was working as a member of the New York Fire Patrol and was killed on September 11, 2001. Arnold Roma worked as a volunteer Firefighter with Richmond Engine Co. No. 1 out of Staten Island and was a Registered Nurse at the time of the terrorist attacks. Previously, he worked as a New York City Police Officer before retiring in 1993. Arnold Roma was present at the World Trade Center South

Tower in New York on September 11, 2001, and sustained injuries due to the terrorist attack. He is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of his son Keith Roma.[5] Arnold Roma also participated in the VCF for his personal injuries as a 9/11 victim, so on August 9, 2018, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. Mr. Roma first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

45.     **Plaintiff Maureen E. Roma** (Claim No. 102878) is a United States citizen and resident of the State of Virginia. She is the surviving sibling of Keith Roma who was killed on September 11, 2001. Maureen Roma came to the vicinity of the World Trade Center on numerous occasions in the six months after the terrorist attacks and sustained injuries as a result of her exposure near Ground Zero. She is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran for the loss of her brother Keith Roma. Maureen Roma also participated in the VCF for her personal injuries as a 9/11 victim, so on August 9, 2018, her claim to the USVSST Fund was found eligible; however, the USVSST Fund stated she would "not be able to receive additional compensation from the USVSST Fund" because she previously "received an award or an award determination under section 405" of the ATSSSA. She first received compensation from the USVSST Fund in

---

[5] In 2021, Mr. Roma also obtained a judgment against Iran arising from his own personal injuries sustained in the terrorist attacks on September 11, 2001.  He first received compensation on this claim in 2023.

2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

46.     **Plaintiff Alexander W. Santora** (Claim No. 102893) is a United States citizen and a resident of the State of New York. He is the surviving parent of Christopher A. Santora, who was killed on September 11, 2001. Alexander Santora is a retired Deputy Chief of the New York Fire Department with over forty years of service. He worked at Ground Zero after the terrorist attacks on September 11, 2001 in search of his son and sustained injuries as a result of the attack. Alexander Santora is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his son Christopher A. Santora. He also participated in the VCF for his personal injuries as a 9/11 victim, so on October 23, 2018, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. Mr. Santora first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

47.     **Plaintiff Nelly A. Braginsky a/k/a Nelly A. Braginskaya** (Claim No. 102928) is a United States citizen and a resident of the State of New York. She is the mother of Alexander Braginsky, who was killed in the North Tower of the World Trade Center on September 11, 2001. Nelly Braginsky spent months searching in the smoke and rubble of the World Trade Center searching for her son. She sustained injuries as a result of the terrorist attack. Nelly Braginsky is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of her son Alexander

Braginsky. She also participated in the VCF for her personal injuries as a 9/11 victim, so on August 20, 2018, her claim to the USVSST Fund was found eligible; however, the USVSST Fund stated she would "not be able to receive additional compensation from the USVSST Fund" because she previously "received an award or an award determination under section 405" of the ATSSSA. Ms. Braginsky first received compensation from the USVSST Fund in 2020; however, she was denied a lump sum catch-up payment in 2023 because she was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

48.    **Plaintiff Mark C. Egan** (Claim No. 102964) is a United States citizen and resident of the State of New York. He is the surviving sibling of Martin J. Egan, Jr., who was killed on September 11, 2001. Mark Egan is a firefighter with the New York Fire Department and worked at Ground Zero. He sustained injuries as a result of the terrorist attack. Mark Egan is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his brother Martin J. Egan, Jr. When his claim was filed with the USVSST Fund, Mr. Egan had registered with the VCF; however, he had not actually filed a claim or sought compensation from the VCF for his injuries. On September 6, 2018, the USVSST Fund issued a notice of deficiency on Mr. Egan's claim stating, "[t]he Applicant must determine if he wishes to pursue the VCF2 claims or the USVSST Fund claim." Believing he had not actually filed a claim (and having definitely not received an award or an award determination from the VCF), Mr. Egan did not make a choice, and on November 16, 2018, the USVSST Fund issued a letter stating, "[y]our claim remains deficient and will not be adjudicated until it is completed.  Accordingly, the Special Master cannot consider your claim for second round payment." Mr. Egan first received compensation from the USVSST Fund

in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

49.     **Plaintiff Michael P. Egan** (Claim No. 102965) is a United States citizen and resident of the State of New York. He is the surviving sibling of Martin J. Egan, Jr., who was killed on September 11, 2001. Michael Egan is a firefighter with the Fire Department of New York and worked at Ground Zero. He sustained injuries as a result of the terrorist attack. Michael Egan is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his brother Martin J. Egan, Jr. When his claim was filed with the USVSST Fund, Mr. Egan had registered with the VCF; however, he had not actually filed a claim or sought compensation from the VCF for his injuries. On September 6, 2018, the USVSST Fund issued a notice of deficiency on Mr. Egan's claim stating, "[t]he Applicant must determine if he wishes to pursue the VCF2 claims or the USVSST Fund claim." Believing he had not actually filed a claim (and having definitely not received an award or an award determination from the VCF), Mr. Egan did not make a choice, and on November 16, 2018, the USVSST Fund issued a letter stating, "[y]our claim remains deficient and will not be adjudicated until it is completed. Accordingly, the Special Master cannot consider your claim for second round payment." Mr. Egan first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund..

50.     **Plaintiff Joseph Esposito, as the Personal Representative of the Estate of Salvatore T. Esposito** (Claim No. 102976), brings this claim on behalf of the Estate of Salvatore T. Esposito.. Salvatore Esposito was a United States citizen and resident of the State of New York at the time of death. He was the brother of Michael Esposito, who was killed on September 11,

2001. Salvatore Esposito worked at Ground Zero for a year following September 11, 2001, and sustained injuries as a result of the terrorist attack. Salvatore Esposito died on January 2, 2021. He was a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his brother Michael Esposito. Salvatore Esposito also participated in the VCF for his personal injuries as a 9/11 victim, so on September 6, 2018, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. Mr. Esposito first received compensation from the USVSST Fund in 2020 prior to his death; however, his estate was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

51. **Plaintiff Madelyn G. Allen, as the Personal Representative of the Estate of Richard D. Allen** (Claim No. 103026), brings this claim on behalf of the Estate of Richard D. Allen. Richard D. Allen was a United States citizen and resident of the State of New York at the time of death. He is the father of Richard Dennis Allen who was killed on September 11, 2001. Richard D. Allen worked at the World Trade Center and was injured from the terrorist attack. Richard D. Allen died on February 14, 2021. He was a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his son Richard Dennis Allen. Richard D. Allen also participated in the VCF for his personal injuries as a 9/11 victim, so on September 6, 2018, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. Mr. Allen first received

compensation from the USVSST Fund in 2020 prior to his death; however, his estate was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

52.     **Plaintiff Jean M. Ryan** (Claim No. 103258) is a United States citizen and a resident of the State of Florida. She is the surviving sister of Daniel Suhr, who was killed on September 11, 2001. Jean Ryan was a first responder and present at the World Trade Center in the days following September 11, 2001. She sustained injuries as a result of the terrorist attack. Jean Ryan is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of her brother Daniel Suhr. She also participated in the VCF for her personal injuries as a 9/11 victim, so on September 6, 2018, her claim to the USVSST Fund was found eligible; however, the USVSST Fund stated she would "not be able to receive additional compensation from the USVSST Fund" because she previously "received an award or an award determination under section 405" of the ATSSSA. Ms. Ryan first received compensation from the USVSST Fund in 2020; however, she was denied a lump sum catch-up payment in 2023 because she was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

53.     **Plaintiff Henry F. Kiefer, Jr.** (Claim No. 103362) is a United States citizen and resident of the State of New York. He is also the father of Michael V. Kiefer, who was killed on September 11, 2001. Henry F. Kiefer worked in close proximity to Ground Zero and was exposed to the toxins released when the buildings collapsed on September 11, 2001. He is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his son Michael V. Kiefer. When his claim was filed with the USVSST Fund, Mr. Kiefer had registered with the VCF and was being

24

monitored by the World Trade Center Health Program; however, he had not actually filed a claim or sought compensation from the VCF for his injuries. On July 27, 2018, the USVSST Fund issued a notice of deficiency on Mr. Kiefer's claim stating, "[t]he Applicant must determine if he wishes to pursue the VCF2 claim or the USVSST Fund claim." Mr. Kiefer chose to maintain his VCF2 claim just in case he was subsequently diagnosed with a compensable injury based on his level of exposure, and on November 16, 2018, the USVSST Fund issued a letter stating, "[y]our claim remains deficient and will not be adjudicated until it is completed. Accordingly, the Special Master cannot consider your claim for second round payment." Mr. Kiefer first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

54.     **Plaintiff Daniel J. Henry** (Claim No. 103406) is a United States citizen and resident of the State of New Jersey. He is the surviving sibling of Joseph P. Henry, who was killed in the September 11th terrorist attack. Daniel Henry is a Port Authority Police Officer who worked at the World Trade Center on September 11, 2001 and the days following for Ground Zero recovery and was exposed to the toxins released when the buildings collapsed on September 11, 2001. Daniel Henry is also a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his brother Joseph P. Henry. When his claim was filed with the USVSST Fund, Mr. Henry had registered with the VCF; however, he had not actually filed a claim or sought compensation from the VCF for his injuries. On August 24, 2018, the USVSST Fund issued a notice of deficiency on Mr. Henry's claim stating, "[t]he Applicant must determine if he wishes to pursue the VCF2 claim or the USVSST Fund claim." Mr. Henry chose to maintain his VCF2 claim, and on November 16, 2018, the USVSST Fund issued a letter stating, "[y]our claim remains deficient and will not be

adjudicated until it is completed.  Accordingly, the Special Master cannot consider your claim for second round payment." Mr. Henry first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

55.    **Plaintiff Edward Henry, Jr.** (Claim No. 103408) is a United States citizen and resident of the State of New York. He is a brother of Joseph P. Henry, who was killed on September 11, 2001. Edward Henry, Jr. was a New York firefighter who was a first responder at the World Trade Center on September 11, 2001 and sustained injuries as a result of his exposure at Ground Zero. Edward Henry, Jr. is also a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his brother Joseph P. Henry. He participated in the VCF for his personal injuries as a 9/11 victim, so on September 6, 2018, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. Mr. Henry first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

56.    **Plaintiff Michael Henry** (Claim No. 103409) is a United States citizen and resident of the State of New York. He is a brother of Joseph P. Henry, who was killed on September 11, 2001. Michael Henry was a New York City firefighter and was present at the World Trade Center on September 11, 2001. He sustained injuries as a result of the terrorist attack. Michael Henry is also a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his brother Joseph P.

Henry. He also participated in the VCF for his personal injuries as a 9/11 victim, so on October 23, 2018, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. Mr. Henry first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

57.    **Plaintiff John F. Woods Jr.** (Claim No. 103511) is a United States citizen and resident of the State of New Jersey. He is the surviving parent of James J. Woods, who was killed on September 11, 2001. John Woods, Jr. worked at Ground Zero in the days following September 11, 2001, and sustained injuries. He is also a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his son James J. Woods. John Woods, Jr. also participated in the VCF for his personal injuries as a 9/11 victim, so on August 9, 2018, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. Mr. Woods first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

58.    **Plaintiff Gordon Huie** (Claim No. 103715) is a United States citizen and resident of the State of New Jersey. He is a surviving sibling of Susan Huie, who was killed in the North Tower of the World Trade Center on September 11, 2001. Gordon Huie was an orthopedic surgeon and assisted as a rescue worker following the terrorist attack at the World Trade Center. Gordon

Huie sustained injuries as a result of the terrorist attack. He is also a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his sister Susan Huie. When his claim was filed with the USVSST Fund, Mr. Huie had a claim with the VCF.  On August 21, 2018, the USVSST Fund issued a notice of deficiency on Mr. Huie's claim stating, "[t]he Applicant must determine if he wishes to pursue the VCF2 claim or the USVSST Fund claim." Mr. Huie chose to maintain his VCF2 claim, and on November 16, 2018, the USVSST Fund issued a letter stating, "[y]our claim remains deficient and will not be adjudicated until it is completed.  Accordingly, the Special Master cannot consider your claim for second round payment." Mr. Huie first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

59.     **Plaintiff Joseph L. Pansini** (Claim No. 104674) is a United States citizen and resident of the State of New Jersey. He is a surviving sibling of Paul Pansini who was killed on September 11, 2001. Joseph Pansini was a first responder and sustained injuries as a result of the terrorist attack. He is also a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his brother Paul Pansini. When his claim was filed with the USVSST Fund, Mr. Pansini had a pending claim with the VCF.  On October 1, 2018, the USVSST Fund issued a notice of deficiency on Mr. Pansini's claim stating, "[t]he Applicant must determine if he wishes to pursue the VCF2 claim or the USVSST Fund claim." Mr. Pansini did not withdraw his VCF2 claim, and on November 16, 2018, the USVSST Fund issued a letter stating, "[y]our claim remains deficient and will not be adjudicated until it is completed.  Accordingly, the Special Master cannot consider your claim for second round payment." Mr. Pansini first received compensation from the USVSST Fund

in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

60.    **Plaintiff John Stark** (Claim No. 104689) is a United States citizen and resident of the State of New York. He is a surviving sibling of Jeffrey Stark who was killed on September 11, 2001. He is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his brother Jeffrey Stark. John Stark also participated in the VCF for his personal injuries as a 9/11 victim, so on September 28, 2018, his claim to the USVSST Fund was found eligible; however, the USVSST Fund stated he would "not be able to receive additional compensation from the USVSST Fund" because he previously "received an award or an award determination under section 405" of the ATSSSA. Mr. Stark first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

61.    **Plaintiff Marash Dedvukaj** (Claim No. 104740) is a United States citizen and resident of the State of New York. He is a surviving parent of Simon M. Dedvukaj who was killed on September 11, 2001 Marash Dedvukaj is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his son Simon M. Dedvukaj. When his claim was filed with the USVSST Fund, Mr. Dedvukaj had a pending claim with the VCF. On October 1, 2018, the USVSST Fund issued a notice of deficiency on Mr. Dedvukaj's claim stating, "[t]he Applicant must determine if he wishes to pursue the VCF2 claim or the USVSST Fund claim." Mr. Dedvukaj did not withdraw his VCF2 claim, and on November 16, 2018, the USVSST Fund issued a letter stating, "[y]our claim remains deficient and will not be adjudicated until it is completed.  Accordingly, the Special

Master cannot consider your claim for second round payment." Mr. Dedvukaj first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

62.     **Plaintiff Daniel H. Curia** (Claim No. 103097) is a United States citizen and resident of the State of Florida.  He is a surviving sibling of Laurence D. Curia who was killed on September 11, 2001.  Daniel H. Curia is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment for solatium damages against Iran based on the loss of his brother Laurence D. Curia. When his claim was filed with the USVSST Fund, Mr. Curia had a pending claim with the VCF.  On September 6, 2018, the USVSST Fund issued a notice of deficiency on Mr. Curia's claim stating, "[t]he Applicant must determine if he wishes to pursue the VCF2 claim or the USVSST Fund claim." Mr. Curia did not withdraw his VCF2 claim, and on November 16, 2018, the USVSST Fund issued a letter stating, "[y]our claim remains deficient and will not be adjudicated until it is completed.  Accordingly, the Special Master cannot consider your claim for second round payment." Mr. Curia first received compensation from the USVSST Fund in 2020; however, he was denied a lump sum catch-up payment in 2023 because he was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

63.     **Plaintiff Victor J. Colaio, as Personal Representative of the Estate of Mary Catherine Colaio[6]** (Claim No. 110686), brings this claim on behalf of the Estate of Mary

---

[6] This claim is being brought as representative of other claims that were not pursued prior to the third-round distributions and the passage of the Clarification Act because the claimants were aware that their claims would be subject to a net-zero determination if they were to file prior to the passage of the Clarification Act.  In the same manner that 9/11 victims, 9/11 spouses, and 9/11 dependents who filed for the first time for participation in the third round, claimants such as Victor J. Colaio, as Personal Representative of the Estate of Mary Catherine Colaio, who filed for the first

Catherine Colaio. Mary Catherine Colaio was a United States citizen and resident of the State of New York at the time of her death. She is the mother of Mark J. Colaio and Stephen J. Colaio, both of whom were killed on September 11, 2001. Mary Catherine Colaio died on October 12, 2015, from cancers related to exposure to the toxic dust in the vicinity of Ground Zero in New York City. Her family filed claims with the VCF2 for her personal injuries and subsequent death, so they did not file a claim with the USVSST Fund based on the estate's participation in VCF2 until after the Clarification Act was passed in November 2019. Her estate is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD, and the estate obtained a money judgment on February 5, 2019, for solatium damages against Iran based on the loss of her two sons. Ms. Colaio's estate first received compensation from the USVSST Fund in 2020; however, her estate was denied a lump sum catch-up payment in 2023 because she was classified as a 9/11 family member and not as a 9/11 victim by the USVSST Fund.

### 2.      **"Supplemental-Value Plaintiffs"**

64.     The Supplemental-Value Plaintiffs are USVSST Fund claimants who: (1) are the Personal Representatives of 9/11-decedent estates; (2) received a judgment on behalf of a 9/11-decedent estate against the Islamic Republic of Iran for pain-and-suffering damages only prior to February 19, 2020; (3) filed claims with the USVSST Fund before February 19, 2020 and were determined to have an eligible claim; (4) obtained a supplemental judgment on behalf of the 9/11-decedent estate against the Islamic Republic of Iran for economic-loss damages at some point between May 19, 2020 and the passage of Consolidated Appropriations Act 2023 on December 29, 2022; (5) provided the supplemental judgment obtained on behalf of the 9/11-decedent estate

---

time in the third round based on their net-zero status should have been included in the lump sum catch-up payments appropriated in December 2022 and authorized by the Special Master in April 2023.

to the USVSST Fund prior to December 29, 2022; (6) obtained a revised Notice of Claim Amount from the USVSST Fund prior to December 29, 2022 incorporating their economic-loss damages judgment amount in their pending claims; and (7) were denied lump sum catch-up payments for the present-value of their claims as of the date of passage of the Consolidated Appropriations Act 2023.

65.     The following USVSST claimants are included in the Supplemental Value plaintiff group whose lump sum catch-up payments were limited to their pain-and-suffering damages judgment figures exclusive of their supplemental judgments for economic-loss damages:

66.     **Plaintiff Joseph M. Cammarata, Sr., as the Personal Representative of the Estate of Michael F. Cammarata** (Claim No. 111699), brings this claim on behalf of the Estate of Michael F. Cammarata.  Michael Cammarata was a United States citizen and resident of the State of New York. He was a New York firefighter who reported as a first responder at the World Trade Center on September 11, 2001 and was killed in the terrorist attack. Joseph M. Cammarata, Sr., as the Personal Representative of the Estate of Michael F. Cammarata, is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran,* 1:15-cv-09903-GBD and obtained a money judgment in the amount of $2,000,000 for pain-and-suffering damages on behalf of the estate. Plaintiff submitted a USVSST Fund application before the deadline of February 19, 2020 and was determined to have an eligible claim by the Fund. Mr. Cammarata obtained a supplemental judgment to include economic-loss damages for his son's estate for a total judgment amount of $12,563,948.00. An amended USVSST Fund claim was filed and found eligible by the Fund prior to lump sum catch-up payments being authorized. The lump sum catch-up payment received for Claim No. 111699 was limited to the claim amount of $2 million.

67.     **Plaintiff Helaine K. Chairnoff, as the Personal Representative of the Estate of Jeffrey M. Chairnoff** (Claim No. 111707), brings this claim on behalf of the Estate of Jeffrey M. Chairnoff..  Jeffrey Chairnoff was a United States citizen and resident of the State of New Jersey. He worked at the World Trade Center on September 11, 2001 and was killed in the terrorist attack. Helaine K. Chairnoff, as the Personal Representative of the Estate of Jeffrey Chairnoff, is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment in the amount of $2,000,000 for pain-and-suffering damages on behalf of the estate. Plaintiff submitted a USVSST Fund application before the deadline of February 19, 2020 and was determined to have an eligible claim by the Fund. Ms. Chairnoff obtained a supplemental judgment to include economic-loss damages for her husband's estate for a total judgment amount of $30,425,498.00. An amended USVSST Fund claim was filed and found eligible by the Fund prior to lump sum catch-up payments being authorized. The lump sum catch-up payment received for Claim No. 111707 was limited to the claim amount of $2 million.

68.     **Plaintiff Christine R. Huhn, as the Personal Representative of the Estate of David M. Graifman** (Claim No. 111748), brings this claim on behalf of the Estate of David M. Graifman.  David Graifman was a United States citizen and resident of the State of New York. He worked at the World Trade Center on September 11, 2001 and was killed in the terrorist attack. Christine R. Huhn, as the Personal Representative of the Estate of David Graifman, is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment in the amount of $2,000,000 for pain-and-suffering damages on behalf of the estate. Plaintiff submitted a USVSST Fund application before the deadline of February 19, 2020 and was determined to have an eligible claim by the Fund. Ms. Huhn obtained a supplemental judgment to include economic-loss damages for her husband's estate for a total judgment amount of

$35,904,573.00. An amended USVSST Fund claim was filed and found eligible by the Fund prior to lump sum catch-up payments being authorized. The lump sum catch-up payment received for Claim No. 111748 was limited to the claim amount of $2 million.

69.     **Plaintiff Raina A. Wallens, as the Personal Representative of the Estate of Matthew B. Wallens** (Claim No. 112131), brings this claim on behalf of the Estate of Matthew B. Wallens.  Matthew Wallens was a United States citizen and resident of the State of New York. He worked at the World Trade Center on September 11, 2001 and was killed in the terrorist attack. Raina A. Wallens, as the Personal Representative of the Estate of Matthew Wallens, is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment in the amount of $2,000,000 for pain-and-suffering damages on behalf of the estate. Plaintiff submitted a USVSST Fund application before the deadline of February 19, 2020 and was determined to have an eligible claim by the Fund. Ms. Wallens obtained a supplemental judgment to include economic-loss damages for her husband's estate for a total judgment amount of $115,621,010.00. An amended USVSST Fund claim was filed and found eligible by the Fund prior to lump sum catch-up payments being authorized. The lump sum catch-up payment received for Claim No. 112131 was limited to the claim amount of $2 million.

70.     **Plaintiff Mitchell T. Duggan, as the Personal Representative of the Estate of Jacqueline S. Duggan** (Claim No. 111822), brings this claim on behalf of the Estate of Jacqueline S. Duggan. Jacqueline Duggan was a United States citizen and resident of the State of New York. She worked at the World Trade Center on September 11, 2001 and was killed in the terrorist attack. Mitchell T. Duggan, as the Personal Representative of the Estate of Jacqueline Duggan, is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment in the amount of $2,000,000 for pain-and-suffering damages on behalf of the

estate. Plaintiff submitted a USVSST Fund application before the deadline of February 19, 2020 and was determined to have an eligible claim by the Fund. Mr. Duggan obtained a supplemental judgment to include economic-loss damages for his wife's estate for a total judgment amount of $14,216,485.00. An amended USVSST Fund claim was filed and found eligible by the Fund prior to lump sum catch-up payments being authorized. The lump sum catch-up payment received for Claim No. 111822 was limited to the claim amount of $2 million.

71.     **Plaintiff Denise E. McDonald, as the Personal Representative of the Estate of Joseph P. McDonald** (Claim No. 112089), brings this claim on behalf of the Estate of Joseph P. McDonald. Joseph McDonald was a United States citizen and resident of the State of New Jersey. He worked at the World Trade Center on September 11, 2001 and was killed in the terrorist attack. Denise E. McDonald, as the Personal Representative of the Estate of Joseph P. McDonald, is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment in the amount of $2,000,000 for pain-and-suffering damages on behalf of the estate. Plaintiff submitted a USVSST Fund application before the deadline of February 19, 2020 and was determined to have an eligible claim by the Fund. Ms. McDonald obtained a supplemental judgment to include economic-loss damages for her husband's estate for a total judgment amount of $19,401,340.00. An amended USVSST Fund claim was filed and found eligible by the Fund prior to lump sum catch-up payments being authorized. The lump sum catch-up payment received for Claim No. 112089 was limited to the claim amount of $2 million.

72.     **Plaintiff Judith A. Bailey, as the Personal Representative of the Estate of Brett T. Bailey** (Claim No. 111903), brings this claim on behalf of the Estate of Brett T. Bailey. Brett T. Bailey was a United States citizen and resident of the State of New Jersey. He worked at the World Trade Center on September 11, 2001 and was killed in the terrorist attack. Judith A. Bailey,

as the Personal Representative of the Estate of Brett T. Bailey, is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment in the amount of $2,000,000 for pain-and-suffering damages on behalf of the estate. Plaintiff submitted a USVSST Fund application before the deadline of February 19, 2020 and was determined to have an eligible claim by the Fund. Ms. Bailey obtained a supplemental judgment to include economic-loss damages for her son's estate for a total judgment amount of $20,897,958.00. An amended USVSST Fund claim was filed and found eligible by the Fund prior to lump sum catch-up payments being authorized. The lump sum catch-up payment received for Claim No. 111903 was limited to the claim amount of $2 million.

73.     **Plaintiff Catherine M. Buck, as the Personal Representative of the Estate of Gregory J. Buck** (Claim No. 111663), brings this claim on behalf of the Estate of Gregory J. Buck. Gregory Buck was a United States citizen and resident of the State of New York. On September 11, 2001, he worked as a Firefighter at the World Trade Center and was killed in the terrorist attack. Catherine M. Buck, as the Personal Representative of the Estate of Gregory J. Buck, is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment in the amount of $2,000,000 for pain-and-suffering damages on behalf of the estate. Plaintiff submitted a USVSST Fund application before the deadline of February 19, 2020 and was determined to have an eligible claim by the Fund. Ms. Buck obtained a supplemental judgment to include economic-loss damages for her husband's estate for a total judgment amount of $10,854,741.00. An amended USVSST Fund claim was filed and found eligible by the Fund prior to lump sum catch-up payments being authorized. The lump sum catch-up payment received for Claim No. 111663 was limited to the claim amount of $2 million.

74. **Plaintiff May Marconet, as the Personal Representative of the Estate of Waleed J. Iskandar** (Claim No. 112147), brings this claim on behalf of the Estate of Waleed J. Iskandar. Waleed Iskandar was a United States citizen and resident of the State of Massachusetts. He was a passenger on American Airlines Flight 11 and was killed on September 11, 2001 in the terrorist attack. May Marconet, as the Personal Representative of the Estate of Waleed J. Iskandar, is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a money judgment in the amount of $2,000,000 for pain-and-suffering damages on behalf of the estate. Plaintiff submitted a USVSST Fund application before the deadline of February 19, 2020 and was determined to have an eligible claim by the Fund. Ms. Marconet obtained a supplemental judgment to include economic-loss damages for her brother's estate for a total judgment amount of $16,530,520.00. An amended USVSST Fund claim was filed and found eligible by the Fund prior to lump sum catch-up payments being authorized. The lump sum catch-up payment received for Claim No. 112147 was limited to the claim amount of $2 million.

75. **Plaintiff Christine M. Munson, as the Personal Representative of the Estate of Theresa A. Munson** (Claim No. 112194), brings this claim on behalf of the Estate of Theresa A. Munson. Theresa Munson was a United States citizen and resident of the State of New York. She worked at the World Trade Center on September 11, 2001 and was killed in the terrorist attack. Christine M. Munson, as the Personal Representative of the Estate of Theresa Munson, is a plaintiff in *Arias, et al v. The Islamic Republic of Iran, et al*, 1:19-cv-00041 and obtained a money judgment in the amount of $2,000,000 for pain-and-suffering damages on behalf of the estate. Plaintiff submitted a USVSST Fund application before the deadline of February 19, 2020 and was determined to have an eligible claim by the Fund. Christine M. Munson obtained a supplemental judgment to include economic-loss damages for her mother's estate for a total judgment amount

of $7,038,009.00. An amended USVSST Fund claim was filed and found eligible by the Fund prior to lump sum catch-up payments being authorized. The lump sum catch-up payment received for Claim No. 112194 was limited to the claim amount of $2 million.

### 3.   "Nunc Pro Tunc Plaintiffs"

76.     The Nunc Pro Tunc Plaintiffs are USVSST Fund claimants who: (1) submitted motions for default judgment against the Islamic Republic of Iran to the U.S. District Court for the Southern District of New York prior to the February 19, 2020 deadline for submission of new claims to the USVSST Fund; (2) submitted their USVSST Fund applications to the Fund in advance of the February 19, 2020 deadline in anticipation of the court issuing a judgment on their claims; (3) obtained a judgment against the Islamic Republic of Iran for compensatory damages pursuant to 28 U.S.C. § 1605A on March 6, 2020; (4) subsequently obtained an Order *nunc pro tunc* effectuating the judgments as of February 19, 2020; and (5) were denied participation in both third-round and lump sum catch-up payments by the Special Master of the USVSST Fund.

77.     The following USVSST claimants are included in the Nunc Pro Tunc plaintiff group who were deprived of participation in payments from the USVSST Fund ranging from 0.7567585% (for third-round only payments) to 6.6140585% (for third round and lump sum catch-up payments combined) of each claimant's adjusted claim value based on the Special Master's refusal to give full faith and credit to the *nunc pro tunc* order issued by District Judge George B. Daniels, an Article III judge, in the Southern District of New York:

78.     **Plaintiff Leslie R. Blair, as the Personal Representative of the Estate of Susan L. Blair** (Claim No. 112316), brings this claim on behalf of the Estate of Susan L. Blair.  Susan Blair was a United States citizen and resident of the State of New Jersey. She worked at the South Tower of the World Trade Center and was killed on September 11, 2001. Leslie R. Blair obtained

a judgment for pain-and-suffering damages of $2,000,000.00 on behalf of her sister's estate.  Ms. Blair should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $2,000,000.00.

79.     **Plaintiff Jessica R. Bors** (Claim No. 112342), is a citizen of Canada and a resident of Ontario.  She is a surviving sibling of 9/11 decedent Vishnoo Ramsaroop.  Ms. Bors should have received a third-round payment in 2020 based on her judgment value for solatium damages of $4,250,000.00.

80.     **Plaintiff Christopher B. Bratton** (Claim No. 112334), is a United States citizen and resident of the State of New York.  Mr. Bratton is a surviving sibling of 9/11 decedent Michelle R. Bratton.  Mr. Bratton should have received a third-round payment in 2020 based on his judgment value for solatium damages of $4,250,000.00.

81.     **Plaintiff William Joseph Bratton, Jr.** (Claim No. 112336), is a United States citizen and resident of the State of New York.  Mr. Bratton is the surviving father of 9/11 decedent Michelle R. Bratton.  Mr. Bratton should have received a third-round payment in 2020 based on his judgment value for solatium damages of $8,500,000.00.

82.     **Plaintiff Mary E. Bratton** (Claim No. 112335), is a United States citizen and resident of the State of New York.  Ms. Bratton is the surviving mother of 9/11 decedent Michelle R. Bratton.  Ms. Bratton should have received a third-round payment in 2020 based on her judgment value for solatium damages of $8,500,000.00.

83.     **Plaintiff Michelle Bulaga, as the Personal Representative of the Estate of John E. Bulaga, Jr.** (Claim No. 112221), brings this claim on behalf of the Estate of John E. Bulaga. John Bulaga was a United States citizen and resident of the State of New Jersey. He worked at the North Tower of the World Trade Center and was killed on September 11, 2001. Michelle Bulaga

obtained a judgment for pain-and-suffering damages of $2,000,000.00 on behalf of her husband's estate.  On October 5, 2021, Ms. Bulaga obtained a supplemental judgment for economic-loss damages of $11,215,259.00 for her husband's estate.  Ms. Bulaga should have received a third-round payment in 2020 for the estate based on the judgment of $2,000,000.00, and she should have received a lump sum catch-up payment in 2023 for the estate based on the supplemented judgment of $13,215,259.00.

84.    **Plaintiff Michelle Bulaga** (Claim No. 112222) is a United States citizen and resident of the State of New Jersey. She is the surviving spouse of 9/11 decedent John E. Bulaga Jr.. Ms. Bulaga should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on her judgment value for solatium damages of $12,500,000.00.

85.    **Plaintiff Brian K. Chalcoff** (Claim No. 112213) is a United States citizen and resident of the State of New York. He is the surviving son of 9/11 decedent William A. Chalcoff. Mr. Chalcoff should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on his judgment value for solatium damages of $8,500,000.00.

86.    **Plaintiff Michelle R. Chalcoff** (Claim No. 112212) is a United States citizen and resident of the State of New York. She is the surviving spouse of 9/11 decedent William A. Chalcoff. Ms. Chalcoff should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on her judgment value for solatium damages of $12,500,000.00.

87.    **Plaintiff Richard Wai Chung, as the Personal Representative of the Estate of Wai C. Chung** (Claim No. 112216), brings this case on behalf of the Estate of Wai C. Chung. Wai Chung was a United States citizen and resident of the State of New York. He was waiting for a bus outside the World Trade Center on September 11, 2001 when he was killed by falling debris. Richard Wai Chung obtained a judgment for pain-and-suffering damages of $2,000,000.00 on

behalf of his brother's estate.  Mr. Chung should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $2,000,000.00.

88.    **Plaintiff Diann L. Corcoran Dubois** (Claim No. 112337) is a United States citizen and resident of the State of Florida. She is the surviving spouse of 9/11 decedent John J. Corcoran, III.  Ms. Corcoran Dubois should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on her judgment value for solatium damages of $12,500,000.00.

89.    **Plaintiff Joseph V. DiFazio** (Claim No. 112230) is a United States citizen and resident of the State of New Jersey. He is a surviving son of 9/11 decedent Vincent F. DiFazio. Mr. DiFazio should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on his judgment value for solatium damages of $8,500,000.00.

90.    **Plaintiff William H. Doyle, Jr., as the Personal Representative of the Estate of Joseph M. Doyle** (Claim No. 112311), brings this claim on behalf of the Estate of Joseph M. Doyle.  Joseph Doyle was a United States citizen and resident of the State of New York. He worked at the World Trade Center and was killed in the September 11th terrorist attack. William H. Doyle, Jr. obtained a judgment for pain-and-suffering damages of $2,000,000.00 and economic-loss damages of $22,356,560 on behalf of his brother's estate.  Mr. Doyle should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $24,356,560.00.

91.    **Plaintiff Ann P. Driscoll, as the Personal Representative of the Estate of Stephen P. Driscoll** (Claim No. 112207), brings this claim on behalf of the Estate of Stephen P. Driscoll. Stephen Driscoll was a United States citizen and resident of the State of New York. He worked as a Police Officer in the New York City Police Department and was killed in the

September 11th terrorist attacks while attempting to rescue victims trapped in the World Trade Center. Ann P. Driscoll obtained a judgment for pain-and-suffering damages of $2,000,000.00 and economic-loss damages of $9,200,727.00 on behalf of her husband's estate.  Ms. Driscoll should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $11,200,727.00.

92.     **Plaintiff Helenora M. Farrell, as the Personal Representative of the Estate of Terrence P. Farrell** (Claim No. 112236), brings this claim on behalf of the Estate of Terrence P. Farrell. Terrence Farrell was a United States citizen and resident of the State of New York. He worked as a firefighter with the Fire Department of New York and was killed on September 11, 2001. Helenora M. Farrell obtained a judgment for pain-and-suffering damages of $2,000,000.00 and economic-loss damages of $8,398,014.00 on behalf of her husband's estate.  Ms. Farrell should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $10,398,014.00.

93.     **Plaintiff Eugene R. Springer, as the Personal Representative of the Estate of Lucy A. Fishman** (Claim No. 112344), brings this claim on behalf of the Estate of Lucy A. Fishman. Lucy Fishman was a United States citizen and resident of the State of New York. She worked at the World Trade Center and was killed on September 11, 2001. Eugene R. Springer obtained a judgment for pain-and-suffering damages of $2,000,000.00 on behalf of his wife's estate.  Mr. Springer should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $2,000,000.00.

94.     **Plaintiff Laurie Sue Hart, as the Personal Representative of the Estate of John P. Hart** (Claim No. 112338), brings this claim on behalf of the Estate of John P. Hart. John Hart was a United States citizen and resident of the State of California. He was working in the South

Tower at the World Trade Center and was killed on September 11, 2001. Laurie Sue Hart obtained a judgment for pain-and-suffering damages of $2,000,000.00 on behalf of her husband's estate. Ms. Hart should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $2,000,000.00.

95.     **Plaintiff Bernard J. Heeran, as the Personal Representative of the Estate of Charles F.X. Heeran** (Claim No. 112341), brings this claim on behalf of the Estate of Charles F.X. Heeran. Charles Heeran was a United States citizen and resident of the State of New York. He worked at the World Trade Center and was killed on September 11, 2001. Bernard J. Heeran obtained a judgment for pain-and-suffering damages of $2,000,000.00 and economic-loss damages of $22,870,947.00 on behalf of his son's estate. Mr. Heeran should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $24,870,947.

96.     **Plaintiff Theresa Lynn Hepburn, as the Personal Representative of the Estate of Robert A. Hepburn** (Claim No. 112239), brings this claim on behalf of the Estate of Robert A. Hepburn Robert Hepburn was a United States citizen and resident of the State of New Jersey. He worked at the World Trade Center and was killed on September 11, 2001. Theresa Lynn Hepburn obtained a judgment for pain-and-suffering damages of $2,000,000.00 on behalf of her husband's estate.  Ms. Hepburn should have received a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $2,000,000.00.

97.     **Plaintiff Rita Hopper, as the Personal Representative of the Estate of James P. Hopper** (Claim No. 112220), brings this claim on behalf of the Estate of James P. Hopper. James Hopper was a United States citizen and resident of the State of New York. He worked at the World Trade Center and was killed on September 11, 2001. Rita Hopper obtained a judgment for pain-

and-suffering damages of $2,000,000.00 on behalf of her husband's estate. Ms. Hopper should have received both a third-round payment and a lump sum catch-up in 2023 based on the judgment for the estate of $2,000,000.00.

98.    **Plaintiff Michael P. Jenkins** (Claim No. 112206), is a United States citizen and resident of the State of New York. He is a surviving brother of Joseph Jenkins, Jr., who was killed on September 11, 2001. Mr. Jenkins should have received a third-round payment in 2020 based on his judgment value for solatium damages of $4,250,000.00.   Furthermore, Mr. Jenkins spent significant time in the vicinity of Ground Zero searching for his brother's remains in the aftermath of September 11, 2001, during which time he was exposed to toxins in the air associated with the collapse of the buildings at Ground Zero.  Mr. Jenkins participated in VCF2 and received an award related to 9/11-related cancer, so when the USVSST Fund came into existence, he knew he would be a "Net Zero Plaintiff", so his claim was not pursued in 2017 or 2018 and was only pursued following the passage of the Clarification Act.  Therefore, Mr. Jenkins should also have received a lump sum catch-up payment in 2023 based on his judgment value for solatium damages of $4,250,000.00.

99.    **Plaintiff Matthew A. Kirschbaum** (Claim No. 112305), is a United States citizen and resident of the State of New York. He is a surviving child of Howard B. Kirschbaum who was killed on September 11, 2001. Mr. Kirschbaum should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on his judgment value for solatium damages of $8,500,000.00.

100.    **Plaintiff Dolores M. Libretti, as the Personal Representative of the Estate of Daniel F. Libretti** (Claim No. 112204), brings this claim on behalf of the Estate of Daniel F. Libretti. Daniel Libretti was a United States citizen and resident of the State of New York. He was

a firefighter with the Fire Department of New York and was assisting with rescue operations at the World Trade Center when he was killed on September 11, 2001. Dolores M. Libretti obtained a damages judgment for pain-and-suffering damages of $2,000,000.00 on behalf of her husband's estate.  Ms. Libretti should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $2,000,000.00.

101.    **Plaintiff William C. McGinly, III, as the Personal Representative of the Estate of Mark R. McGinly** (Claim No. 112339), brings this claim on behalf of the Estate of Mark R. McGinly. Mark McGinly was a United States citizen and resident of the State of New York. He worked at the World Trade Center and was killed on September 11, 2001.  William C. McGinly, III, obtained a judgment for pain-and-suffering damages of $2,000,000.00 and economic-loss damages of $17,918,175.00 on behalf of his son's estate.  Mr. McGinly should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $19,918,175.00.

102.    **Plaintiff Eli Medina, as the Personal Representative of the Estate of Abigail C. Medina** (Claim No. 112319), brings this claim on behalf of the Estate of Abigail C. Medina. Abigail Medina was a United States citizen and resident of the State of New York. She worked at the World Trade Center and was killed on September 11, 2001. Eli Medina obtained a judgment for pain-and-suffering damages of $2,000,000.00 and economic-loss damages of $6,882,757.00 on behalf of his wife's estate.  Mr. Medina should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $8,882,757.00.

103.    **Plaintiff Daniel A. Meehan** (Claim No. 112306), is a United States citizen and resident of the State of Connecticut. He is a surviving child of William J. Meehan, Jr., who was

killed on September 11, 2001. Mr. Meehan should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on his judgment value for solatium damages of $8,500,000.00.

104.    **Plaintiff Maureen E. Meehan** (Claim No. 112308), is a United States citizen and resident of the State of Connecticut. She is the surviving spouse of William J. Meehan, Jr., who was killed on September 11, 2001. Ms. Meehan should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on her judgment value for solatium damages of $12,500,000.00.

105.    **Plaintiff Mitoko Miller, as the Personal Representative of the Estate of Robert C. Miller, Jr.** (Claim No. 112215), brings this claim on behalf of the Estate of Robert C. Miller, Jr. Robert Miller, Jr. was a United States citizen and resident of the State of New Jersey. He was killed on September 11, 2001 at the World Trade Center. Mitoko Miller obtained a judgment for pain-and-suffering damages of $2,000,000.00 on behalf of her husband's estate.  Ms. Miller should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $2,000,000.00.

106.    **Plaintiff Nykiah Noelle Morgan, as the Personal Representative of the Estate of Dorothy R. Morgan** (Claim No. 112313), brings this claim on behalf of the Estate of Dorothy R. Morgan Dorothy Morgan was a United States citizen and resident of the State of New. She was killed on September 11, 2001. Nykiah Noelle Morgan obtained a judgment for pain-and-suffering damages of $2,000,000.00 on behalf of her mother's estate.  Ms. Morgan should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $2,000,000.00.

107. **Plaintiff Julianne Nazario Hilbert, as the Personal Representative of the Estate of Francis J. Nazario** (Claim No. 112211), brings this claim on behalf of the Estate of Francis J. Nazario. Francis Nazario was a United States citizen and resident of the State of New Jersey. He worked at the World Trade Center and was killed on September 11, 2001.  Julianne Nazario Hilbert obtained a judgment for pain-and-suffering damages of $2,000,000.00 on behalf of her husband's estate.  Ms. Hilbert should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $2,000,000.00.

108. **Plaintiffs Michael T. Noel and Theresa M. Noel, as the Co-Personal Representatives of the Estate of Curtis T. Noel** (Claim No. 112228), bring this claim on behalf of the Estate of Curtis T. Noel. Curtis Noel was a United States citizen and resident of the State of New York. He worked at the World Trade Center and was killed on September 11, 2001. Michael T. Noel and Theresa M. Noel obtained a judgment for pain-and-suffering damages of $2,000,000.00 and economic-loss damages of $9,733,045.00 on behalf of their son's estate.  Mr. and Ms. Noel should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $11,733,045.00.

109. **Plaintiff Niraj J. Patel, as the Personal Representative of the Estate of Dipti Patel** (Claim No. 112310), brings this claim on behalf of the Estate of Dipti Patel. Dipti Patel was a United States citizen and resident of the State of New York. She worked at the World Trade Center and was killed on September 11, 2001. Niraj J. Patel obtained a judgment for pain-and-suffering damages of $2,000,000.00 and economic-loss damages of $9,858,322.00 on behalf of his sister's estate. Mr. Patel should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $11,858,322.00.

110.    **Plaintiff Barbara Polisar** (Claim No. 112314), is a United States citizen and resident of the State of Florida.  Ms. Polisar is a surviving sibling of 9/11 decedent Frank Palombo. Ms. Polisar should have received a third-round payment in 2020 based on her judgment value for solatium damages of $4,250,000.00.

111.    **Plaintiff Jeannette M. Puccio-Pick** (Claim No. 112321), is a United States citizen and resident of the State of New Jersey. She is the surviving child of Joseph O. Pick who was killed on September 11, 2001. Ms. Puccio-Pick should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on her judgment value for solatium damages of $8,500,000.00.

112.    **Plaintiff Marie E. Puccio-Pick** (Claim No. 112315), is a United States citizen and resident of the State of New Jersey. She is the surviving spouse of Joseph O. Pick who was killed on September 11, 2001. Ms. Puccio-Pick should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on her judgment value for solatium damages of $12,500,000.00.

113.    **Plaintiff Concetta Rizzo, as the Personal Representative of the Estate of John F. Rizzo** (Claim No. 112312), brings this claim on behalf of the Estate of John F. Rizzo. John Rizzo was a United States citizen and resident of the State of New York. He was killed on September 11, 2001 in the terrorist attack on the World Trade Center. Concetta Rizzo obtained a judgment for pain-and-suffering damages of $2,000,000.00 and economic-loss damages of $6,581,168.00 on behalf of her husband's estate. Ms. Rizzo should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $8,581,168.00.

114.     **Plaintiff Janine L. Van Riper, as the Personal Representative of the Estate of Barbara A. Shaw** (Claim No. 112223), brings this claim on behalf of the Estate of Barbara A. Shaw. Barbara Shaw was a United States citizen and resident of the State of New Jersey. She was killed on September 11, 2001 in the terrorist attack on the World Trade Center. Janine L. Van Riper obtained a judgment for pain-and-suffering damages of $2,000,000.00 on behalf of her mother's estate.  Ms. Van Riper should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $2,000,000.00.

115.     **Plaintiff Katherine Stern, as the Personal Representative of the Estate of Andrew J. Stern** (Claim No. 112333), brings this claim on behalf of the Estate of Andrew J. Stern. Andrew Stern was a United States citizen and resident of the State of New York. He worked at the World Trade Center and was killed on September 11, 2001. Katherine Stern obtained a judgment for pain-and-suffering damages of $2,000,000.00 on behalf of her husband's estate. Ms. Stern should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $2,000,000.00.

116.     **Plaintiff Evelyn Sullins, as the Personal Representative of the Estate of David M. Sullins** (Claim No. 112219), brings this claim on behalf of the Estate of David M. Sullins. David Sullins was a United States citizen and resident of the State of New York. He worked as an emergency medical technician and assisted with rescue operations at the World Trade Center and was killed on September 11, 2001. Evelyn Sullins obtained a judgment for pain-and-suffering damages of $2,000,000.00 on behalf of her husband's estate. Ms. Sullins should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $2,000,000.00.

117.     **Plaintiff Laurie Ann Tietjen, as the Personal Representative of the Estate of Kenneth F. Tietjen** (Claim No. 112340), brings this claim on behalf of the Estate of Kenneth F. Tietjen.  Kenneth Tietjen was a United States citizen and resident of the State of New Jersey. He worked as a Port Authority police officer and assisted with rescue operations at the World Trade Center where he was killed on September 11, 2001.  Laurie Ann Tietjen obtained a judgment for pain-and-suffering damages of $2,000,000.00 and economic-loss damages of $12,467,135.00 on behalf of her brother's estate.  Ms. Tietjen should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $14,467,135.00.

118.     **Plaintiff Morton Weinberg, as the Personal Representative of the Estate of Michael T. Weinberg** (Claim No. 112205), brings this claim on behalf of the Estate of Michael T. Weinberg. Michael Weinberg was a United States citizen and resident of the State of New York. He was a firefighter with the Fire Department of New York assisting with rescue operations at the World Trade Center when he was killed on September 11, 2001. Morton Weinberg obtained a judgment for pain-and-suffering damages of $2,000,000.00 and economic-loss damages of $8,906,538.00 on behalf of his son's estate.  Mr. Weinberg should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $10,906,538.00.

119.     **Plaintiff Elizabeth Ann Payne, as the Personal Representative of the Estate of William E. Wilson** (Claim No. 112214), brings this claim on behalf of the Estate of William E. Wilson. William Wilson was a United States citizen and resident of the State of New York. He was killed on September 11, 2001. Elizabeth Ann Payne obtained a judgment for pain-and-suffering damages of $2,000,000.00 and economic-loss damages of $4,755,448.00 on behalf of

her husband's estate.  Ms. Payne should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $6,755,448.00.

120.    **Plaintiff Sara Winton Coffey, as the Personal Representative of the Estate of David H Winton** (Claim No. 112225), brings this claim on behalf of the Estate of David H. Winton. David Winton was a United States citizen and resident of the State of New York. He worked at the World Trade Center and was killed on September 11, 2001. Sara Winton Coffey obtained a judgment for pain-and-suffering damages of $2,000,000.00 and economic-loss damages of $25,312,345.00 on behalf of her brother's estate. Ms. Coffey should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $27,312,345.00.

121.    **Plaintiff Felice R. Zaslow, as the Personal Representative of the Estate of Ira Zaslow** (Claim No. 112318), brings this claim on behalf of the Estate of Ira Zaslow. Ira Zaslow was a United States citizen and resident of the State of New York. He worked at the World Trade Center and was killed on September 11, 2001. Felice R. Zaslow obtained a judgment for pain-and-suffering damages of $2,000,000.00 and economic-loss damages of $8,954,714.00 on behalf of her husband's estate.  Ms. Zaslow should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on the judgment for the estate of $10,954,714.00.

### 4.    <u>Dual-Judgment Plaintiffs</u>

122.    The "Dual Judgment Plaintiffs" are USVSST Fund claimants who (1) are the surviving family member of two loved ones who were killed in the terrorist attacks on September 11, 2001; (2) received a judgment for solatium damages arising from the death of one family member; (3) applied for compensation from the USVSST Fund prior to the promulgation of the Clarification Act pursuant to a judgment for solatium damages for the loss of one family member;

(4) were determined to have an eligible claim by the Fund; (5) obtained a subsequent solatium-damages judgment for the second family member after the passage of the Clarification Act on November 21, 2019 and prior to February 19, 2020; (6) submitted the second judgment to the USVSST Fund in advance of the February 19, 2020 deadline; (7) failed to amend their prior application to reflect the additional judgment value;  and (8) were denied participation in third-round payments (and lump sum catch-up payments to the extent applicable) from the USVSST Fund for these additional judgment values.

123.    The following USVSST claimants are included in the Dual-Judgment Plaintiff group:

124.    **Plaintiff Victor J. Colaio** (Claim No. 101876), is a United States citizen and resident of the State of New York. He is the surviving parent of Mark J. Colaio and Stephen J. Colaio, both of whom were killed in the terrorist attacks on September 11, 2001. Victor Colaio obtained a judgment for solatium damages arising from the death of his son Mark J. Colaio in the amount of $8,500,000.00 on July 31, 2017. He submitted an application with the USVSST Fund on October 30, 2017 and was determined to have an eligible claim. Victor Colaio received a "net zero" award from the USVSST Fund despite his eligibility based on his personal claim under VCF2. Plaintiff refrained from seeking and obtaining a judgment for solatium damages for the death of his son Stephen Colaio because it would also be subjected to a net-zero decision. Following the passage of the Clarification Act in November 2019, Victor Colaio obtained a solatium-damages judgment as the parent of Stephen J. Colaio on December 13, 2019. The second judgment was uploaded well in advance of the February 19, 2020 deadline, and Mr. Colaio's Claim No. 101876 had been found eligible in October 2017. While the additional judgment was not included on an amendment to Mr. Colaio's claim prior to February 19, 2020, the Fund had in its

possession both the judgment including Mr. Colaio's second judgment in addition to an application form for Mr. Colaio that had previously been found eligible by the Fund. In other circumstances, where the dollar-figure of a claim included on an application conflicted with the judgments in the Fund's possession, it would issue a notice of deficiency with the opportunity to cure this deficiency. This same practice was not employed vis-à-vis Mr. Colaio's solatium claim for the loss of his son Stephen. Based on these facts, including Victor Colaio's status as a Net-Zero Plaintiff, Mr. Colaio should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on his solatium judgment of $8,500,000.00 arising from the loss of his son Stephen J. Colaio on September 11, 2001.

125.     **Plaintiff Lisa A. Ventura** (Claim No. 103006) is a United States citizen and resident of the State of New Jersey. She is a surviving child of Felicia Hamilton and the surviving spouse of Anthony Ventura, both of whom were killed on September 11, 2001. Lisa Ventura is a plaintiff in *Burnett, et al. v. The Islamic Republic of Iran*, 1:15-cv-09903-GBD and obtained a judgment on June 8, 2018, for solatium damages arising from the death of her mother in the amount of $8,500,000.00. Ms. Ventura's claim was found eligible by the Fund, and she received compensation in 2019 related to her solatium damages for the loss of her mother. Because she had applied to the VCF1 for her late-husband's estate and received compensation from the VCF1 as the spouse of a 9/11 decedent, Ms. Ventura refrained from seeking and obtaining a judgment arising from the loss of her husband Anthony Ventura because it would be subjected to a net-zero determination by the USVSST Fund. In anticipation of the passage of the Clarification Act in November 2019, Lisa Ventura obtained a solatium-damages judgment as the surviving spouse of Anthony Ventura on September 3, 2019. The second judgment was uploaded to the USVSST Fund in advance of September 13, 2019, and Ms. Ventura's Claim No. 103006 had been found

eligible in September 2018. While the additional judgment was not included on an amendment to Ms. Ventura's claim prior to February 19, 2020, the Fund had in its possession both the judgment including Ms. Ventura's second judgment in addition to an application form for Ms. Ventura that had previously been found eligible by the Fund. In other circumstances, where the dollar-figure of a claim included on an application conflicted with the judgments in the Fund's possession, it would issue a notice of deficiency with the opportunity to cure this deficiency. This same practice was not employed vis-à-vis Ms. Ventura's solatium claim for the loss of her husband Anthony. Based on these facts, Ms. Ventura should have received both a third-round payment in 2020 and a lump sum catch-up payment in 2023 based on her solatium judgment of $12,500,000.00 arising from the loss of her husband Anthony Ventura on September 11, 2001.

### B. DEFENDANTS

126. Defendant Merrick Garland is the Attorney General of the United States, tasked with appointing a Special Master to administer the USVSST Fund. *See* 34 U.S.C. § 20144(b).

127. Defendant United States Department of Justice ("DOJ") is an agency of the United States government that currently provides no more than five full-time equivalent personnel members to assist in carrying out the duties of the Special Master. *See* 34 U.S.C. § 20144(b)(1)(B).

128. Defendant Janet L. Yellen is the Secretary of the Treasury of the United States.

129. Defendant United States Department of the Treasury ("DOT") is an agency of the United States government tasked under the USVSST Act, as amended, with maintaining within it the actual USVSST Fund. *See* 34 U.S.C. § 20144(e)(1).

130. Defendant Office of Management and Budget is an agency of the United States government.

131. Defendant Mary Patrice Brown is the current Special Master of the USVSST Fund as appointed by the Attorney General under the USVSST Act, and whose duties are to administer the compensation program of the USVSST Fund. *See* 34 U.S.C. § 20144(b)(1)(A)(iii).

## IV. BACKGROUND

132. On September 11, 2001, terrorists perpetrated an attack on the United States that resulted in thousands of individuals being murdered and wounded. The attacks killed individuals present or near the World Trade Center in New York City; passengers aboard American Airlines Flight 11 that crashed into the North Tower of the World Trade Center in New York City; passengers aboard United Airlines Flight 175 that crashed into the South Tower of the World Trade Center in New York City; passengers aboard American Airlines Flight 77 that crashed into the Pentagon in Arlington, Virginia; individuals present or near the Pentagon in Arlington, Virginia; and passengers aboard United Airlines Flight 93 that crashed near Shanksville, Pennsylvania. Many first responders, family members searching for loved ones, and good Samaritans were killed or wounded while assisting with rescue operations. The catastrophic site at Ground Zero resulted in the onset of traumatic injuries, cancers and deadly diseases.

133. Plaintiffs in this action are: personal representatives of estates of 9/11 victims who died in the terrorist attacks on September 11, 2001; individuals who sustained personal injuries due to being in close proximity of Ground Zero following the attacks; surviving family members of loved ones killed in the attacks who also sustained their own injuries or debilitating illnesses from being at or near Ground Zero; and individuals who lost multiple family members whose claims were treated disparately. The effects of this attack have remained at the forefront for these individuals for over twenty years. Many Plaintiffs have since succumbed to their latent injuries.

134.    Plaintiffs filed multiple lawsuits against, among others, the Islamic Republic of Iran in the Southern District of New York and obtained default judgments after providing evidence of Iran's material support and assistance to terrorists who carried out the September 11, 2001 attacks. *See In re Terrorist Attacks on September 11, 2001*, Case No. 03-mdl-1570 (GBD)(SN)(S.D.N.Y.) (Cases consolidated into the multi-district litigation).

135.    The USVSST Act was promulgated on December 18, 2015, and created a fund to compensate victims and their family members, like Plaintiffs in this action, for acts of state-sponsored terrorism. *See* Justice for United States Victims of State Sponsored Terrorism Act, Pub. L. 114–113, § 404, 129 Stat. 3007 (2015).

136.    As detailed below, Defendants' interpretation of the USVSST Act, as amended, is arbitrary, capricious, and otherwise contrary to law.

### 1.    "Net Zero" Plaintiffs

137.    The ATSSSA established the September 11th Victim Compensation Fund of 2001 ("VCF") for 9/11 victims who were present at the 9/11 crash sites "at the time, or in the immediate aftermath, of the terrorist-related aircraft crashes" and "suffered physical harm or death as a result of such an air crash." *See* Pub. L. 107-42 (Sept. 22, 2001) at § 405(c)(2)(A)(i)-(ii). This first iteration of the VCF—or "VCF1"—operated from 2001 until 2004.

138.    Title II of the James Zadroga 9/11 Health and Compensation Act of 2010, Pub. L. 111-347 (Jan. 2, 2011), reopened the September 11th Victim Compensation Fund of 2001 with distinct changes that expanded the scope of who would be eligible for compensation to include those individuals involved in debris removal, those who suffered harm from being in "any area contiguous to a site of such crashes that the Special Master determines was sufficiently close to the site", and "any area related to, or along, routes of debris removal, such as barges and Fresh

56

Kills." Pub. L. 111-347 at §§ 201(4), 202(d), 202(e). The second iteration of the VCF—or "VCF2"—began operations in October 2011 and continues to the present day.

139.    The USVSST Fund authorized payments to eligible claimants in the first round of payments on December 19, 2016, and for the second round of payments on January 1, 2019. *See* http://www.usvsst.com/important.php. However, participation in Fund payments was limited.

140.    The Net Zero Plaintiffs participated in VCF1 or VCF2 under Section 405 of the ATSSSA (49 U.S.C. § 40101 note).

141.    Pursuant to the USVSST Act, "[t]he Special Master *shall* order payment from the Fund for each eligible claim." 34 U.S.C. 20144(d)(1) (emphasis added). However, the original USVSST Act included a limitation that stated, "In the event that a United States person, or the immediate family member of such person, has an eligible claim under this section and has received an award or an award determination under section 405 of the Air Transportation Safety and System Stabilization Act (49 U.S.C. 40101 note), the amount of compensation to which such person, or the immediate family member of such person, was determined to be entitled under section 405 of the Air Transportation Safety and System Stabilization Act (49 U.S.C. 40101 note) shall be considered controlling for purposes of this section, notwithstanding any compensatory damages amount such person, or immediate family member of such person, is deemed eligible for or entitled to pursuant to a final judgment described under subsection (c)(2)(A)." 34 U.S.C. § 20144(d)(3)(A)(ii)(III).

142.    From 2016 until the Clarification Act was passed in November 2019, the USVSST Fund interpreted this statutory provision "require[d] the Special Master to consider the award amount issued under section 405 of the Air Transportation Safety and System Stabilization Act ('ATSSSA') as controlling, notwithstanding any compensatory damages awarded in the final

judgment."  In addressing a situation where an immediate family member with a compensatory damages judgment for solatium damages for the loss of a loved one also received a VCF1 or VCF2 award for their own injury (distinct from the solatium damages), the Special Master's position was that he (at the time the Special Master was Kenneth Feinberg) is obligated to administer the USVSST Fund under the terms of the USVSST Act which dictates that the VCF1 or VCF2 award obtained by these immediate family members would be controlling over any compensatory damages judgment they obtained for the loss of a loved one on September 11, 2001.

143.    The Special Master's interpretation went even further than the statutory language as the statutory limitation applied only to claimants who had "received an award or an award determination under section 405 of the" ATSSSA either under VCF1 or VCF2.  The USVSST Fund did not limit the net-zero determination solely to those claimants with an award or an award determination from VCF1 or VCF2 instead applying the net-zero determination to claimants who either had a claim pending with VCF2 at the time their USVSST Fund application was filed or who had simply filed a registration—but no actual claim for compensation—with VCF2 at the time their USVSST Fund application was filed.  The Special Master determined that, absent withdrawing a pending VCF2 claim or withdrawing a VCF2 claim with prejudice, the USVSST Fund would not adjudicate a pending claim that was otherwise eligible for compensation.

144.    Due to this statutory limitation and the interpretation applied to it by the Special Master from 2016 until November 2019, the Net-Zero Plaintiffs were precluded from receiving compensation from the USVSST Fund until after the enactment of the Clarification Act in November 2019. *See* http://www.usvsst.com/important.php (last viewed Nov. 28, 2023).

145.    On November 21, 2019, Congress enacted the Clarification Act eliminating the bar of compensation from the USVSST Fund for claimants who previously participated in the VCF1

or VCF2. Therefore, the Net-Zero Plaintiffs became eligible to receive payments from the USVSST Fund beginning with the third distribution. *See* http://www.usvsst.com/important.php (last viewed Nov. 28, 2023).

146.    The Clarification Act created definitions for different classes of 9/11-related claimants:

A.    "9/11 victim" was defined as "a United States person who has an eligible claim under subsection (c) who is an individual described in section 405(c)(2) of the" ATSSSA. *See* 34 U.S.C. § 20144(j)(14).

B.    "9/11 spouse" was defined as "a United States person who has an eligible claim under subsection (c) who is a spouse, as defined in section 104.3 of title 28, Code of Federal Regulations, or any successor thereto, of an individual described in section 405(c) of the" ATSSSA. *See* 34 U.S.C. § 20144(j)(13).

C.    "9/11 dependent" was defined as "a United States person who has an eligible claim under subsection (c) who at the time of a 9/11 victim's death was (A) a dependent, as defined in section 104.3 of title 28, Code of Federal Regulations, or any successor thereto, of the 9/11 victim; or (B) the child of the 9/11 victim who has not, before November 21, 2019, received payment from the Fund." *See* 34 U.S.C. § 20144(j)(11)

D.    "9/11 family member" was defined as "the immediate family member of an individual described in section 405(c) of the" ATSSSA "who is not a 9/11 dependent or a 9/11 spouse." *See* 34 U.S.C. § 20144(j)(12).

147.    When classifying the 9/11-related claimants after the passage of the Clarification Act, the USVSST Fund classified each of the Net-Zero Plaintiffs as a "9/11 family member" rather than as a "9/11 victim."

148.   The Net-Zero Plaintiffs were precluded from prior participation in compensation from the USVSST Fund on the basis that they had received—or could potentially receive—recognition as "an individual described in section 405(c) of the" ATSSSA.

149.   The USVSST Fund had withheld compensation based on the Net-Zero Plaintiffs' participation in either VCF1 or VCF2 in their own right for injuries they had personally sustained.

150.   Because of the bar on compensation for VCF1 and VCF2 participants, undersigned counsel advised some clients prior to passage of the Clarification Act not to pursue judgments against Iran or to file claims with the USVSST Fund because of the USVSST Fund's net-zero policy on these claims. This group of Net-Zero Plaintiffs remain similarly situated as those Plaintiffs who applied prior to November 21, 2019.

151.   Despite their judgments for solatium damages as immediate family members of a 9/11 decedent, the Net-Zero Plaintiffs meet the definition of "9/11 victim" as established in the Clarification Act and codified at 34 U.S.C. § 20144(j)(14) because they (1) have eligible claims with the USVSST Fund, and (2) they meet the definition of an individual described in section 405(c) of the ATSSSA.

152.   Section 405(c)(1) of the ATSSSA states that the Special Master of the VCF determines whether a claimant is an eligible individual by whether the claimant "is an individual described in paragraph (2); and meets the requirements of paragraph (3)." ATSSSA § 405(c)(1).

153.   Paragraph (2)(A) of this section of the ATSSSA defines an "individual" as someone "who was present at the World Trade Center, (New York, New York), the Pentagon (Arlington, Virginia), the site of the aircraft crash at Shanksville, Pennsylvania, or any other 9/11 crash site [including "buildings or portions of buildings that were destroyed" on September 11, 2001, "the area of Manhattan that is south of the line that runs along Canal Street from the Hudson River to

the intersection of Canal Street and East Broadway, north on East Broadway to Clinton Street, and east on Clinton Street to the East River", or "any area related to, or along, routes of debris removal, such as barges and Fresh Kills"] at the time, or in the immediate aftermath [between September 11, 2001 and May 31, 2002], of the terrorist-related aircraft crashes of September 11, 2001; and (ii) suffered physical harm or death as a result of such an air crash or debris removal." ATSSSA § 405(c)(2)(A). In the disjunctive, an individual could also be a passenger or member of the flight crew on any of the four flights who was not one of the terrorists or the personal representative of the estate of someone who was killed in the attacks. ATSSSA §§ 405(c)(2)(B)-(C).

154.    Each of the Net-Zero Plaintiffs meet the definition of "9/11 victim" based on their experiences with either VCF1 or VCF2, and their VCF-related claims were unrelated to the compensatory damages for solatium that they submitted to the USVSST Fund for compensation.

155.    The definition of "9/11 victim" does not require that the claim made to the USVSST Fund be based on the injury that gave rise to the claimant being "an individual described in section 405(c)(2) of the" ATSSSA, so while the claims to the USVSST Fund made by the Net-Zero Plaintiffs arise from their solatium-damages judgments for the loss of a loved one on September 11, 2001, this does not negate their status as an eligible claimant "who is an individual described in section 405(c)(2) of the" ATSSSA thus meeting the definition of "9/11 victim."

156.    The disparate treatment afforded the Net-Zero Plaintiffs by the USVSST Fund has caused them to lose the ability to obtain significant compensation on two occasions.

157.    First, the USVSST Fund categorized the Net-Zero Plaintiffs as 9/11 victims in 2017 and 2018 to preclude them from participating in compensation from the Fund based on solatium-damages judgments prior to the enactment of the Clarification Act.

158.     Second, after the Clarification Act was passed in November 2019, the USVSST Fund reversed course and categorized these same individuals as 9/11 family members. This categorization precluded the Net-Zero Plaintiffs from receiving lump sum catch-up payments from the USVSST Fund in 2023.

159.     Defendants' interpretation of the Clarification Act and its definition of "9/11 victim" as it pertains to the Net-Zero Plaintiffs is clearly erroneous and contrary to law. *See* 34 U.S.C. § 20144(j)(14).

160.     On December 27, 2020, the Consolidated Appropriations Act of 2021 was passed and required the Comptroller General to submit a report estimating the amount of the lump sum catch-up payment for each 9/11 victim, 9/11 spouse, and 9/11 dependent.

161.     While the 2020 legislation did not appropriate funds for a lump sum catch-up payment, the premise of the lump sum catch-up payment audit to be conducted by the Comptroller General was to provide compensation to individuals who were precluded from participating in the first and second distributions from the USVSST Fund based on their prior receipt of an award or an award determination from the VCF.

162.     According to the GAO's report, the estimation of lump sum catch-up payments included "information on claimants in each round of the Fund, such as their 9/11 relationship, net eligible claims after the Fund applied statutory caps, their payment amounts, and whether their payment amounts were net zero" due to "statutory preclusion" of the USVSST Act of 2015. *See* U.S. Gov't Accountability Office, "U.S. Victims of State Sponsored Terrorism Fund: Estimated Lump Sum Catch-Up Payments," Aug. 11, 2021, at 13, located at https://www.gao.gov/assets/gao-21-105306.pdf.

163.    While the public report does not list the potential lump sum catch-up payment recipients, subsequent events dictated that the audit conducted by the Comptroller General, utilizing data provided to it by the USVSST Fund, did not identify the Net-Zero Plaintiffs as being eligible to receive lump sum catch-up payments despite their being denied compensation from the Fund prior to the enactment of the Clarification Act on the same basis as the claims of other 9/11 victims, 9/11 spouses, or 9/11 dependents that had been filed with the USVSST Fund and had previously been compensated by the VCF.

164.    Upon information and belief, the Comptroller General relied on representations made by the USVSST Fund regarding the category of claim into which each claimant was placed: 9/11 family member, 9/11 victim, 9/11 spouse, or 9/11 dependent.

165.    The erroneous categorization of the Net-Zero Plaintiffs as 9/11 family members caused them not to be included in the listing of potential recipients of a lump sum catch-up payment by the Comptroller General where the Comptroller General was tasked solely with addressing lump sum catch-up payments for 9/11 victims, 9/11 spouses, and 9/11 dependents.

166.    On December 29, 2022, the Consolidated Appropriations Act, 2023 was signed into law and authorized lump sum catch-up payments for 9/11 victims in accordance with the Comptroller General's August 11, 2021 Report.

167.    On January 27, 2023, undersigned counsel sent a letter to the Special Master seeking to verify the inclusion of certain subsets of claimants in the lump sum catch-up payments as this information had not been shared previously.  The subsets of claimants that were provided to the Special Master included 9/11 victims—divided into sub-groups of 9/11 decedents, 9/11 personal-injury claimants, the Net-Zero Plaintiffs (both those who filed prior to the Clarification Act and those that filed after the Clarification Act); 9/11 spouses; 9/11 dependents; and seeking a

clarification on whether claimants who were found eligible for the first time in the fourth round of payments would be considered for the lump sum catch-up payments if they were otherwise eligible.  No response was ever received from the USVSST Fund to this correspondence.

168.    The Net-Zero Plaintiffs did not learn they were not included in the lump sum catch-up payments until April 10, 2023, when the USVSST Fund issued a Notice of Allocated Payment Amount letter for each claimant who was to receive a lump sum catch-up payment, and the Net-Zero Plaintiffs did not receive these letters.

169.    The unequivocal statutory language of the Clarification Act provides that the Net-Zero Plaintiffs are 9/11 victims as that phrase is defined in the statute.

170.    Defendants' failure to apply this unequivocal statutory language to the claims of the Net-Zero Plaintiffs to include them in the lump sum catch-up payments was arbitrary, capricious, and contrary to the unequivocal wording of the statute and the definition of the term "9/11 victim."

171.    By categorizing the Net-Zero Plaintiffs each as a "9/11 family member," Defendants deprived the Net-Zero Plaintiffs of substantial compensation in the form of the lump sum catch-up payments that the Comptroller General determined constituted 5.8573% of each claimant's net eligible claim amount. This deprivation of compensation based on the Defendants' actions that were arbitrary, capricious, and contrary to the law has caused substantial financial harm to the Net-Zero Plaintiffs.

172.    Furthermore, by failing to categorize the Net-Zero Plaintiffs as 9/11 victims, aggregate caps on family member claims reduced their net eligible claim amounts for all third-round and fourth-round payments when such caps should not have been applied at all.  *See* 34 U.S.C. § 20144(d)(3)(A)(ii)(IV) (limiting the judgments of 9/11 family members of a single 9/11

decedent to an aggregate cap of $20,000,000.00 with each claim to be reduced on a pro rata basis to bring the aggregate total within the cap); *cf.* 34 U.S.C. § 20144(d)(3)(A)(ii)(III) (limiting the aggregate judgments of a 9/11 victim, 9/11 spouse, and 9/11 dependents of the same 9/11 victim to $35 million).

173.    Had Defendants appropriately categorized the Net-Zero Plaintiffs as "9/11 victims" in accordance with the unequivocal definition of "9/11 victim", the Net-Zero Plaintiffs would each have received a lump sum catch up payment in April or May 2023 without a pro-rata reduction of their claim amount based on 9/11 family member aggregate claim caps.

174.    Accordingly, the Net-Zero Plaintiffs have been materially and adversely affected by Defendants' conduct.

### 2.    Supplemental-Value Plaintiffs

175.    On November 21, 2019, Congress enacted the Clarification Act that immediately made eligible claims for 9/11 victims, 9/11 spouses, and 9/11 dependents that were not previously eligible for compensation from the USVSST Fund.

176.    The Clarification Act provided that "[t]he Special Master shall authorize third-round payments to satisfy eligible claims under this section not earlier than 90 days, and not later than 180 days, after November 21, 2019.  The Special Master shall accept applications from eligible claimants (consistent with the deadlines for application submission prescribed in subsection (c)(3)) until the date that is 90 days after November 21, 2019." 34 U.S.C. § 20144(d)(4)(b).  This dictated that the deadline for submission of new claims to the USVSST Fund for claimants who were previously not eligible for participation in the Fund was February 19, 2020.

177. Each of the Supplemental-Value Plaintiffs, or their predecessor personal representative, participated in VCF1 and was not eligible to receive compensation from the USVSST Fund until after November 21, 2019.

178. The Supplemental-Value Plaintiffs filed estate claims with the USVSST Fund based on compensatory-damages judgments of $2,000,000.00 for conscious pain and suffering damages in advance of the February 19, 2020, deadline established by the Clarification Act of 2019, and these claims were found eligible by the USVSST Fund by May 19, 2020.

179. After additional documentation was obtained, the Supplemental-Value Plaintiffs sought and obtained supplemental judgments for economic-loss damages for the estates. All of these supplemental judgments were entered in advance of the congressional appropriation for lump sum catch-up payments and the subsequent authorization for such payments by the Special Master.

180. Upon entry of these supplemental judgments, the Supplemental-Value Plaintiffs amended their eligible claims to include these additional values, and the USVSST Fund issued new claim amounts for each of the claims reflected the revised judgment value.

181. Nevertheless, when the USVSST Fund issued Notice of Allocated Payment letters for the lump sum catch-up payments, the lump sum catch-up payments for the Supplemental-Value Plaintiffs credited them solely with the pain-and-suffering judgment value rather than the value of their eligible claims at the time the appropriation for the lump sum catch-up payments was authorized by law on December 29, 2022 and the Special Master authorized the lump sum catch-up payments in April 2023.

182. The Supplemental-Value Plaintiffs' Claim Numbers with the USVSST Fund were not changed when they obtained their supplemental judgments, and the USVSST Fund did not

undertake a separate eligibility analysis of their claims before altering the claim amount for each of the Supplemental-Value Plaintiffs.

183.    The Clarification Act did not prohibit the inclusion of supplemental judgments after the application deadline.  Following the enactment of the Clarification Act, the USVSST Fund explicitly permitted claims values to be increased with economic-loss judgments that were entered after the February 19, 2020 deadline and before the May 19, 2020 deadline for the authorization of payments for the third round of payments such that any supplements to judgments entered after February 19, 2020 but before the authorization deadline were credited for purposes of claims amounts for payments in the third round.

184.    When faced with a situation where these supplemental judgments for economic-loss damages were issued after the May 19, 2020 authorization deadline, but before the December 29, 2022 date when the appropriation for the lump sum catch-up payments was signed into law, the USVSST Fund chose to apply the lower value to the lump sum catch-up payments contrary to its prior practice notwithstanding the limited amount of time provided between November 21, 2019 when the Clarification Act was passed and the February 19, 2020 deadline to file new claims with the USVSST Fund.

185.    Looking to its past practice following enactment of the Clarification Act, Defendants arbitrarily excluded the Supplemental-Value Plaintiffs' economic-loss judgments.

186.    The USVSST Fund defended its decision to exclude Supplemental-Value Plaintiffs' current claim values when assessing allocations for the lump sum catch-up payments by reasoning that the "GAO used data from third round to calculate the lump sum catch-up payments" and "judgments or additional compensatory damages amounts added after the Fund's third round therefore could not have been included in GAO's calculation."

187.    Defendants' interpretation of the law is flawed.

188.    In the Fairness for 9/11 Families Act, Congress made available $2,982,000,000.00 toward the appropriation for the 9/11 lump sum catch-up payment whereas the Comptroller General's August 2021 report proposed a dollar amount of $2,652,653,742 for the lump sum catch-up payment. This departure in the appropriation from the Comptroller General's report supports the conclusion that Congress anticipated potential errors or omissions in the calculations or additions based on facts similar to the Supplemental-Value Plaintiffs.

189.    The Comptroller General's report was only as good as the data it was provided by the USVSST Fund.  Whereas the USVSST Fund took the position that the lump sum catch-up payment must hew directly to the Comptroller General's August 2021 report, undersigned counsel had at least one client whose claim should have been included in the lump sum catch-up payments, but no Notice of Allocated Payment Amount letter was sent by the USVSST Fund.  In other circumstances, errors were made in calculations resulting in additional funds having to be distributed.

190.    Based on the facts of the distribution, it is clear that the USVSST Fund could not hew directly to the Comptroller General's report, and this rationale for refusing to recognize the current claim values for the Supplemental-Value Plaintiffs constitute was unjustified and resulted in the deprivation to the Supplemental-Value Plaintiffs of significant payment sums.

191.    Defendants failed to include Plaintiffs supplemental judgment to their existing eligible claim. Due to Defendants unlawful conduct, Plaintiffs were deprived of LSCUP.

192.    By limiting the Supplemental-Value Plaintiffs to lump sum catch-up payments premised on judgments of $2,000,000.00—rather than the range of current claim amounts of

between $7,038,009.00 and $20,000,000.00[7]—Defendants deprived the Supplemental-Value Plaintiffs of substantial compensation in the form of the lump sum catch-up payments on their current claim values at the Comptroller General's recommended 5.8573% of each claimant's net eligible claim amount. This deprivation of compensation based on the Defendants' actions that were arbitrary, capricious, and contrary to the law has caused substantial financial harm to the Supplemental-Value Plaintiffs.

193.    Accordingly, "Supplemental Value" Plaintiffs have been materially adversely affected by Defendants conduct.

### 3.    Nunc Pro Tunc Plaintiffs

194.    As described above, on November 21, 2019, the Clarification Act was signed into law and made thousands of previously "net zero" clams with the Fund now eligible for compensation and provided 90 days within which to submit these claims.

195.    The Nunc Pro Tunc Plaintiffs sought default judgments against Iran to allow them to perfect their USVSST Fund claims applications in advance of the February 19, 2020 filing deadline set by the Clarification Act.

196.    A majority of the Nunc Pro Tunc Plaintiffs were prior VCF participants and first became eligible for payment from the USVSST Fund after the Clarification Act was passed. For this majority of the Nunc Pro Tunc Plaintiffs, with 90 days provided to perfect their claims, they worked diligently seeking final judgments for 9/11-decedent estate claimants and submitted applications to the Fund in advance of the February 19, 2020 deadline in anticipation of imminent judgments against Iran issuing from the federal court that would make them eligible for third-round payments.

---

[7] While the judgments far exceed this value, the USVSST Act limits any single claimant to a claim value of $20,000,000.00. *See* 34 U.S.C. § 20144(d)(3)(A)(ii)(I).

197.    The default judgments were not entered by February 19, 2020.

198.    On March 6, 2020, Judge George Daniels in the U.S. District Court for the Southern District of New York issued six separate judgments in favor of the Nunc Pro Tunc Plaintiffs against Iran for its material support to the Al Qaeda terrorists who carried out the terrorist attacks of September 11, 2001.

199.    The Nunc Pro Tunc Plaintiffs sought relief from the USVSST Fund in the form of permitted extensions of time and seeking a hearing to plead their case for inclusion to no avail.

200.    On May 5, 2020, following a motion from the Nunc Pro Tunc Plaintiffs, Judge Daniels issued an Order nunc pro tunc effectuating judgments entered on March 6, 2020, as having effect on February 19, 2020. *See In re Terrorist Attacks on Sept. 11, 2001*, Case No. 03 MDL 1570, ECF No. 6178.

201.    The Nunc Pro Tunc Plaintiffs immediately notified the USVSST Fund of the *nunc pro tunc* order and asserted that this order satisfied the requirements of the USVSST Act that the judgment was entered by the deadline, and the applications had been submitted by the deadline as well.  *See* 34 U.S.C. § 20144(c)(1).

202.    The Nunc Pro Tunc Plaintiffs had sought to obtain assurances from the USVSST Fund that if their motion was successful, then the USVSST Fund would credit these claims for the third-round payments, but the Defendants refused to commit to a response.  But Defendants were aware of the Nunc Pro Tunc Plaintiffs' efforts as evidenced by several exchanges between undersigned counsel and the Special Master's office

203.    Despite the Nunc Pro Tunc Plaintiffs obtaining the *nunc pro tunc* order from Judge Daniels placing them in compliance with the USVSST Act for inclusion in the third-round payments, the USVSST Fund refused to accord Judge Daniels' order with full faith and credit

instead stating that because the judgments did not exist on February 19, 2020, the claims could not be processed for the third round.

204.    The Nunc Pro Tunc Plaintiffs subsequently argued to the USVSST Fund that its decision not only failed to give full faith and credit to the decision of an Article III federal judge but also caused a violation of separation of powers where the Executive Branch—through the USVSST Fund—refused to credit the actions of the Judicial Branch on an issue within the scope of the Judicial Branch's constitutional authority.

205.    The USVSST Fund does not have discretion to choose whether or not to accept a determination by an Article III judge, and the USVSST Act does not provide any such authority. By disregarding—or according no credit to—Judge Daniels' *nunc pro tunc* order, the USVSST Fund acted in an arbitrary and capricious manner and contrary to the law.

206.    The USVSST Act is clear where it provides the Special Master discretion. For example, discretion is bestowed upon the Special Master to hire no more than 5 full-time personnel, hear a claimant whose claim is denied, or grant an extension of a deadline. See 34 U.S.C. §§ 20144(b)(1)(ii)(B); (b)(4)(A)-(B); (c)(3)(A)(i)(B). Conversely, obligatory duties are expressly stated in the USVSST Act. Specifically, section (d)(4)(B) uses the term "shall" instead of "may" in requiring the Special master to accept applications from claimants who submit applications before February 19, 2020 who meet the requirements in sections (c)(1) and (c)(2). See 34 U.S.C. § 20144 (d)(1); (c)(1)-(c)(2).

207.    Plaintiffs submitted their applications in advance of the February 19, 2020. Judge Daniels' *nunc pro tunc* order on May 5, 2020 was issued weeks before the USVSST Fund was required to determine eligibility of new claims. Further, the USVSST Fund did not issue Notice of

Allocated Payment Amount letters to eligible claimants for the third round until August 28, 2020, and it did not begin issuing actual payments until late-October 2020.

208.    By virtue of the USVSST Fund's arbitrary and capricious acts contrary to law in refusing the acknowledge the legal impact of Judge Daniels' *nunc pro tunc* order, the Nunc Pro Tunc Plaintiffs suffered the harm of having their claims held over until the fourth round of payments and being deprived of payments in the third round that provided compensation of 0.7567585% of each eligible claimant's net eligible claim value.

209.    The harm inflicted by the non-discretionary determination by the USVSST Fund was magnified when the Fairness for 9/11 Families Act was passed on December 29, 2022, authorizing an appropriation for lump sum catch-up payments to those claimants who were found eligible by May 19, 2020 and were classified as 9/11 victims, 9/11 spouses, or 9/11 dependents.

210.    The majority of the Nunc Pro Tunc Plaintiffs would have qualified for lump sum catch-up payments if not for the arbitrary and capricious determination by the Special Master contrary to the law.

211.    Despite having the applications of the Nunc Pro Tunc Plaintiffs as of February 19, 2020, the USVSST Fund did not provide their claim information to the Comptroller General to allow them to be considered for the lump sum catch-up payments.

212.    When the USVSST Fund issued Notices of Allocated Payment Amount letters to eligible recipients of lump sum catch-up payments, the Nunc Pro Tunc Plaintiffs were not included.

213.    By virtue of the USVSST Fund's arbitrary and capricious failure to recognize Judge Daniels' *nunc pro tunc* order and including the Nunc Pro Tunc Plaintiffs in the third round, each of the Nunc Pro Tunc Plaintiffs were deprived of payments of 0.7567585% of their net eligible

claim amounts.  For those Nunc Pro Tunc Plaintiffs who otherwise would have been eligible for lump sum catch-up payments if not for the USVSST Fund's faulty determination, this subset of Nunc Pro Tunc Plaintiffs was deprived pf payments of 6.6140585% of their net eligible claim amounts.

214.    Accordingly, the Nunc Pro Tunc Plaintiffs have been materially and adversely affected by Defendants' arbitrary, capricious, and unlawful conduct.

### 4.    **Dual-Judgment Plaintiffs**

215.    As previously indicated, the Clarification Act provided a statutory deadline of February 19, 2020 to submit a claim with the Fund for inclusion in third-round payments from the USVSST Fund.

216.    The Dual-Judgment Plaintiffs—Victor Colaio, Lisa Ventura, and Elaine Abate—lost two loved ones in the terrorist attacks on September 11, 2001.

217.    Plaintiff Victor Colaio's two sons, Mark J. Colaio and Stephen J. Colaio were killed in the terrorist attacks. Mr. Colaio received a judgment for solatium damages arising from the death of his son Mark J. Colaio on July 31, 2017. He subsequently submitted an application to the USVSST Fund based on this judgment .

218.    As outlined above, Mr. Colaio personally participated in the VCF2 for his own injuries sustained based on living in close proximity to Ground Zero. Therefore, on October 30, 2017, he received a letter from the USVSST Fund stating that while his claim was found eligible, his VCF2 award precluded him from receiving additional compensation from the USVSST Fund—i.e., his was a "net zero" claim. Due to his net-zero status—that would apply equally to a claim for solatium damages related to the loss of his son Stephen—Mr. Colaio chose not to pursue a judgment for solatium damages for the death of his son, Stephen Colaio, at that time.

219.     Following the enactment of the Clarification Act, Mr. Colaio obtained a solatium-damages judgment based on the loss of his son, Stephen J. Colaio, on December 13, 2019. This judgment was uploaded to the Fund in advance of the February 19, 2020 deadline for third-round payments, and the Fund had issued an eligibility determination on Mr. Colaio's prior claim in October 2017 albeit for a now-incorrect judgment amount.

220.     Similarly, Lisa Ventura's mother, Felicia Hamilton and husband, Anthony Ventura were killed in the September 11, 2001 terrorist attacks. Ms. Ventura received a judgment for solatium damages arising from the death of her mother, Felicia Hamilton, on June 8, 2018. She subsequently submitted an application to the USVSST Fund, and her claim was found eligible by the USVSST Fund on September 6, 2018.

221.     Ms. Ventura had received compensation from VCF1 as the spouse of Anthony Ventura, so prior to November 19, 2019, her claim related to the loss of her husband was precluded from receiving additional compensation from the USVSST Fund—i.e., hers was a "net zero" claim.  In anticipation of the passage of the Clarification Act, Ms. Ventura obtained a solatium-damages judgment based on the loss of her husband, Anthony Ventura, on September 3, 2019. This judgment was uploaded to the Fund in advance of the February 19, 2020 deadline for third-round payments, and the Fund had issued an eligibility determination on Ms. Ventura's prior claim in September 2018 albeit for a now-incorrect judgment amount.

222.     Plaintiff Elaine Abate's two sons, Andrew A. Abate and Vincent Abate were killed in the terrorist attacks. Ms. Abate received a judgment for solatium damages arising from the death of her son Andrew on July 31, 2017. She subsequently submitted an application to the USVSST Fund based on this judgment which was found eligible on October 30, 2017.

223.    Ms. Abate had been adjudicated as a dependent on her son Vincent by the VCF1, so until November 19, 2019, any claim she might have sought for solatium damages arising from Vincent's death would have been subject to a "net zero" determination by the USVSST Fund. In anticipation of the passage of the Clarification Act, Ms. Abate obtained a solatium-damages judgment based on the loss of her son Vincent on September 3, 2019. This judgment was uploaded to the Fund in advance of the February 19, 2020 deadline for third-round payments, and the Fund had issued an eligibility determination on Ms. Abate's prior claim in October 2017 albeit for a now-incorrect judgment amount.

224.    Counsel for the Dual-Judgment Plaintiffs did not learn of the exclusion of their second judgments until June 29, 2020 after submitting their first inquiry on these claims on June 3, 2020.

225.    Despite conforming to the statutory requirements, the USVSST Fund denied the Dual-Judgment Plaintiffs third-round payments for their second solatium judgment.  The USVSST Fund reasoned on July 10, 2020 that "[t]he compensatory damages awarded to the claimants in these new judgments are based on different victim(s) and relationship(s) than the judgments originally provided with the claimants' applications."

226.    This reasoning by the USVSST Fund was fundamentally flawed.  None of the applications submitted to the USVSST Fund by the Dual-Judgment Plaintiffs provided a blank in which to enter the name of the victim for whom the judgment and claim was being submitted.  To amend the applications for the Dual-Judgment Plaintiffs simply required an alteration of the damages figure, and where an application was submitted that included an incorrect judgment figure, the USVSST Fund's standard practice and procedure was to issue a notice of deficiency on

the application and permit a specific period of time to cure that deficiency in advance of eligibility determinations.

227.    The indisputable fact is that each of the Dual-Judgment Plaintiffs submitted an application with the USVSST Fund prior to February 19, 2020 along with all judgments in which they obtained a solatium-damages judgment arising from the loss of multiple family members.

228.    On June 29, 2020, upon learning that the USVSST Fund was not crediting both judgments obtained by the Dual-Judgment Plaintiffs for the third round of payments, counsel submitted amendments to the application forms showing the additional damages figures. It was not until October 31, 2022 that the USVSST Fund issued new Notice of Claim Amounts for the Dual-Judgment Plaintiffs.

229.    Defendants acted in a discriminatory manner to the Dual-Judgment Plaintiffs in failing to apply the USVSST Fund's standard protocol for addressing applications in which the judgment values were entered incorrectly as the Fund did not afford the Dual-Judgment Plaintiffs the opportunity to correct their compensatory-damage amounts.

230.    As a result of the USVSST Fund's failure to apply the same rules and protocols to the claims of the Dual-Judgment Plaintiffs as it applied to other claimants whose sole deficiency was the inclusion of an erroneous judgment value, the Dual-Judgment Plaintiffs were deprived of third-round payments for their second claims.

231.    The harm inflicted upon the Dual-Judgment Plaintiffs was further exacerbated by the USVSST Fund's refusal to include their second judgment values in the data provided to the Comptroller General for the audit that established the baseline figures for lump sum catch-up payments.

232.    By virtue of the USVSST Fund's arbitrary and capricious failure to recognize the Dual-Judgment Plaintiffs' second judgments, the Dual-Judgment Plaintiffs have been deprived of payments of 6.614085% of their net eligible claims on these second claims based on being deprived of payments in both the third round and the lump sum catch-up payments.

233.    Accordingly, the Dual-Judgment Plaintiffs have been materially adversely affected by Defendants' arbitrary, capricious, discriminatory, and unlawful conduct.

## V.    **PLAINTIFFS' CLAIMS**

234.    The APA provides a right of judicial review to any person adversely affected or aggrieved by agency action. 5 U.S.C. §§ 702, 703.

235.    The APA provides for judicial review of all relevant questions of law, including interpretations of statutory provisions, and empowers the Court to compel agency action unlawfully withheld or unreasonably delayed, and to hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, or without observance of procedure required by law. 5 U.S.C. § 706.

**COUNT 1:**
**Judicial Review of Agency Action Under the Administrative Procedure Act, 5 U.S.C. § 702**
**("Net-Zero Plaintiffs")**

236.    The Net-Zero Plaintiffs reallege and incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

237.    The enactment of the Clarification Act expressly defined 9/11 victims as "a United States person who has an eligible claim under subsection (c) who is an individual described in section 405(c)(2) of the Air Transportation Safety and System Stabilization Act (49 U.S.C. 40101 note).'' *See* Clarification Act, Pub. Law 116-69, Title VII (Nov. 21, 2019). Defendants failed to categorize Net Zero Plaintiffs as 9/11 victims as required by the Clarification Act.

238.    Specifically, Defendants unlawfully withheld lump sum catch-up payments from Net Zero Plaintiffs by improperly categorizing claimants as "9/11 family members." This interpretation of the Clarification Act is not in accordance with the law.

239.    As a result of Defendants' conduct, Plaintiffs were excluded from LSCUP awards.

240.    Plaintiffs therefore request and require a declaration, pursuant to 5 U.S.C. § 706(2) and 28 U.S.C. § 2201, that Defendants' actions violated the USVSST Act, as amended, and an order, pursuant to 5 U.S.C. § 706(1), compelling Defendants to categorize the Net-Zero Plaintiffs as "9/11 victims" under 34 U.S.C. § 20144(j)(14) of the USVSST Act, as amended, rather than "9/11 family members" under 34 U.S.C. § 20144(j)(12).. Such categorization should be retroactive to May 19, 2020 when the USVSST Fund first applied these categories.

**COUNT 2:**
**Judicial Review of Agency Action Under the Administrative Procedure Act, 5 U.S.C. § 702**
**("Supplemental-Value Plaintiffs")**

241.    The Supplemental-Value Plaintiffs reallege and incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

242.    In carrying out their duties as outlined under the USVSST Act, as amended, Defendants failed to accept Plaintiffs' damages for economic loss in supplemental judgments obtained before the authorization of the lump sum catch-up payments.

243.    Plaintiffs were harmed by only receiving lump sum catch-up payments for pain-and-suffering damages only rather than including their eligible claim amounts at the time of authorization of the lump sum catch-up payments on December 29, 2022.

244.    Plaintiffs therefore request and require a declaration, pursuant to 5 U.S.C. § 706(2) and 28 U.S.C. § 2201, that Defendants' actions violated the USVSST Act, as amended, and an order, pursuant to 5 U.S.C. § 706(1), compelling Defendants to categorize the Supplemental-Value Plaintiffs' damages for economic loss in supplemental judgments obtained prior to the

authorization of the lump sum catch-up payments as covered and timely under 34 U.S.C. § 20144(d)(4)(C)(iv) of the USVSST Act, as amended.. This would establish parity between the 9/11 lump sum catch-up payment and the lump sum catch-up payment for victims of the 1983 Beirut barracks bombing and 1996 Khobar Towers bombing that credited their judgments as of the date of the appropriation for the lump sum catch-up payment for those attacks.

### COUNT 3:
### Judicial Review of Agency Action Under the Administrative Procedure Act, 5 U.S.C. § 702 ("Nunc Pro Tunc Plaintiffs")

245.    The Nunc Pro Tunc Plaintiffs reallege and incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

246.    Defendants' disregard of an Order *nunc pro tunc* from a federal court and failure to give full faith and credit to a judgment entered on behalf of the Nunc Pro Tunc Plaintiffs who are victims of state sponsored terrorism is unlawful agency action in violation of the separation of powers.

247.    Defendants' actions in failing to accept Plaintiffs' applications pursuant to the USVSST Act, as amended, constitutes arbitrary, capricious, and unlawful action in violation of the APA.

248.    As a result of Defendants' conduct, Plaintiffs were excluded from third-round payments and, to the extent otherwise eligible as 9/11 victims, 9/11 spouses, or 9/11 dependents, lump sum catch-up payments. Defendants' actions have and continue to adversely affect the Nunc Pro Tunc Plaintiffs.

249.    Plaintiffs therefore request and require a declaration, pursuant to 5 U.S.C. § 706(2) and 28 U.S.C. § 2201, that Defendants' actions violated the USVSST Act, as amended, and an order, pursuant to 5 U.S.C. § 706(1), compelling Defendants to recognize the Nunc Pro Tunc

Plaintiffs' judgments addressed herein as timely under 34 U.S.C. §§ 20144(c)(3)(A)(ii) and 20144(d)(4)(B) of the USVSST Act, as amended.

## COUNT 4:
## Judicial Review of Agency Action Under the Administrative Procedure Act, 5 U.S.C. § 702 ("Dual-Judgment Plaintiffs")

250. The Dual-Judgment Plaintiffs reallege and incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

251. Defendants' action in failing to accept Plaintiffs' dual judgments in support of their eligible claim is in violation of the USVSST Act, as amended, and constitutes an arbitrary, capricious, and unlawful decision in violation of the APA.

252. Plaintiffs were injured by Defendants' conduct and were deprived of third-round and lump sum catch-up payments for their second solatium judgments.

253. Plaintiffs therefore request and require a declaration, pursuant to 5 U.S.C. § 706(2) and 28 U.S.C. § 2201, that Defendants' actions violate the USVSST Act, as amended, and an order, pursuant to 5 U.S.C. § 706(1), compelling Defendants to recognize the Dual-Judgment Plaintiffs' second judgments addressed herein as timely under 34 U.S.C. § 20144(c)(3)(A)(ii) and 20144(d)(4)(B) and to categorize Plaintiff Colaio as a "9/11 victim", Plaintiff Ventura as a "9/11 spouse", and Plaintiff Abate as a "9/11 dependent" under 34 U.S.C. §§ 20144(j)(11), 20144(j)(13), and 20144(j)(14) of the USVSST Act, as amended.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment herein against Defendants to the full extent of the law, including but not limited to:

1. Compelling Defendants to categorize the Net-Zero Plaintiffs as "9/11 victims" and not as "9/11 family members" for purposes of lump sum catch-up payments in accordance with the USVSST Act, as amended;

2. Compelling Defendants to credit the claim values of the Supplemental-Judgment Plaintiffs for purposes of calculating the lump sum catch-up payments as of the date that the lump sum catch-up payments were appropriated on December 29, 2022, and treat these claimants in a manner consistent with the treatment afforded to the 1983 Beirut barracks bombing victims and 1996 Khobar Towers bombing victims who qualify for lump sum catch-up payments authorized in the same 2022 amendment to the USVSST Act;

3. Compelling Defendants to give full faith and credit to an Order *nunc pro tunc* issued by Judge George B. Daniels, an Article III federal judge in the Southern District of New York, by treating the judgments for the Nunc Pro Tunc Plaintiffs as being entered by February 19, 2020, the deadline established for new claims to be filed for the third round in the USVSST Act, as amended;

4. Compelling Defendants to accept the Dual-Judgment Plaintiffs' eligible applications and supporting documentation as being filed for both judgments as of February 19, 2020, the deadline established for new claims to be filed for the third round in the USVSST Act, as amended;

5. Declaring that these complained-of actions are in violation of the USVSST Act, as amended, as authorized under 5 U.S.C. § 706 and 28 U.S.C. § 2201;

6. Ordering such other and further preliminary and permanent declaratory and injunctive relief as is necessary to protect and preserve all of Plaintiffs' rights and entitlements;

7. Granting an award of attorney's fees and costs including but not limited to fees and costs available under the Equal Access to Justice Act, 28 U.S.C. § 2412 and any other applicable statutory or equitable principles; and

8.  Granting pre- and post-judgment interest.

Dated: September 19, 2024                    Respectfully submitted,


                                             By: /S/ John M. Eubanks_____
                                             John M. Eubanks, Esq., DCD Bar No.: SC0013
                                             Michael J. Quirk, Esq.
                                             Ebony Williams Bobbitt, Esq.
                                             MOTLEY RICE LLC
                                             28 Bridgeside Blvd.
                                             Mount Pleasant, SC 29464
                                             Telephone: 843-216.9000
                                             Facsimile: 843-216-9450
                                             jeubanks@motleyrice.com
                                             mquirk@motleyrice.com
                                             ebobbitt@motleyrice.com

                                             *Attorneys for Plaintiffs*